**DIBENEDETTO et al.**

v.

**OHIO DEPARTMENT OF TRANSPORTATION.**

Court of Claims of Ohio.

No. 94–06172.

Decided Dec. 1, 1995.

48

*Philip M. Collins* and *Douglas R. Jennings,* for plaintiffs.

*Betty D. Montgomery,* Attorney General, and *Velda K. Hofacker,* Assistant Attorney General, for defendant.

RUSSELL LEACH, Judge.

The court conducted trial in this matter on the sole issue of liability. Plaintiffs' cause of action is based upon allegations that Frank Dibenedetto, a plaintiff herein, suffered personal injury in a motorcycle accident as a result of defendant's failure to maintain the highway in a reasonably safe condition. Defendant denies the allegations and asserts that plaintiff's injuries were caused by his own failure to maintain control of his motorcycle. The court hereby renders the following opinion after consideration of the relevant evidence adduced at trial, the arguments of counsel, and the apposite law.

Plaintiff was one of a group of three motorcyclists traveling south on State Route 33 during the early afternoon on July 10, 1993, en route to a motorcycle rally in Athens, Ohio. The group rode in single file in the left lane of the highway with approximately one-quarter of a mile between each motorcycle. Plaintiff's motorcycle, a 1989 Honda Goldwing with a small trailer in tow, was in the second position of this formation. Traffic was lightly interspersed among the motorcycles. The weather conditions that day were clear and hot with no precipitation. Plaintiff's rate of speed was approximately fifty-five mph.

Plaintiff's speed remained constant until he approached the intersection of S.R. 33 and S.R. 664. Plaintiff reduced his speed from fifty-five mph to forty-five mph

after he saw a "bump" sign posted at the roadside. He was also warned over the radio by the lead motorcycle that there was a severe bump in the highway pavement. Approximately five hundred to six hundred feet past the posted bump sign, plaintiff hit what was later estimated by the State Highway Patrol as a four-to-six-inch rise at a seam in the pavement. A road pavement condition of this nature is referred to as a "blowup."

On July 8, 1993, two days prior to the accident, an ODOT repair crew of the Ohio Department of Transportation ("ODOT") had worked on the very blowup that plaintiff hit. It used a pavement grinder in an attempt to level the highway surface. The grinding operation that day resulted in leaving a blowup measuring approximately one to two inches in height. The repair crew also had posted the bump sign at the side of the road.

When the front wheel of plaintiff's motorcycle struck the blowup, the front shock absorbers completely compressed or bottomed out. The resultant jolt ejected plaintiff from his seat. The motorcycle continued riderless along the highway, eventually fading off the road and into the right guardrail, where it stalled in an upright position. Plaintiff briefly lost consciousness when he struck the pavement, but awakened as he was sliding across the pavement, his shirt afire. Plaintiff's companions arrived almost immediately to render assistance. Shortly thereafter, official emergency assistance arrived at the scene and administered treatment. Ultimately, plaintiff was transported to the Hocking Valley Community Hospital, where he was treated and released by the attending physicians.

■ Plaintiffs' action for relief is based on negligence. In a claim predicated on negligence, plaintiff must prove by a preponderance of the evidence that defendant owed a duty to plaintiff and breached that duty and that the breach was a proximate cause of plaintiff's injury. *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 21 O.O.3d 177, 423 N.E.2d 467. Plaintiff alleges that defendant negligently maintained the highway surface or, in the alternative, that defendant negligently repaired the blowup on July 8, 1993.

■ With respect to plaintiff's claim for negligent maintenance of the highway, ODOT has the duty to maintain the system of highways free from unreasonable risk of harm by exercising ordinary reasonable care. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St.3d 39, 564 N.E.2d 462. Furthermore, ODOT is not an insurer of the highway system. *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App.3d 723, 588 N.E.2d 864. The actions of the party whose conduct is in question must be adjudged by the court from the standpoint of whether that party reasonably guarded against those things that it might have had cause to anticipate.

Therefore, ODOT must first have notice of the existence of an unreasonable risk of harm in order to establish a breach of duty. *McClellan v. Ohio Dept. of Transp.* (1986), 34 Ohio App.3d 247, 517 N.E.2d 1388. The legal concept of notice is of two distinguishable types: actual and constructive.

"The distinction between actual and constructive notice is in the manner in which notice is obtained or assumed to have been obtained rather than in the amount of information obtained. Wherever from competent evidence the trier of the facts is entitled to hold as a conclusion of fact and not as a presumption of law that information was personally communicated to or received by a party, the notice is actual. Constructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 47 O.O. 231, 105 N.E.2d 429.

It is not contested that the blowup encountered by plaintiff on July 10, 1993, was of different character than that repaired by ODOT on July 8, 1993. At the time of plaintiff's accident, the bump was between four and six inches in height. After repair on July 8, 1993, the bump was between one and two inches in height. The court finds that defendant had no actual notice of the July 10, 1993 blowup.

Moreover, the repair of the July 8, 1993, blowup is not dispositive of the issue of constructive notice. The causes of blowups are not wholly understood by highway engineers. The fact that a particular portion of highway experienced a blowup does not make it more or less susceptible to future blowups. Specifically, it cannot be predicted where or when a blowup will occur or what its magnitude will be. *Knickel v. Ohio Dept. of Transp.* (1976), 49 Ohio App.2d 335, 3 O.O.3d 413, 361 N.E.2d 486. The court finds that defendant did not have constructive notice of the blowup.

Different from either actual notice or constructive notice is the concept of general notice elucidated by the court in the *Knickel* case. In *Knickel,* the plaintiff was injured in an automobile accident caused by a blowup in the highway pavement. The state was held liable on a theory of negligence because ODOT was charged with general notice of blowups. The court agreed with the trial court that ODOT had "an awareness that a hazardous condition [a blowup] was likely to occur, but where, when and to what extent was impossible of precise ascertainment." *Id.* at 338, 3 O.O.3d at 415, 361 N.E.2d at 488.

In *Knickel,* the court embraced this concept of general notice on the basis of a general foreseeability that blowups occur on the highways. The court bolstered the concept further by finding that the state of Ohio should bear the burden of loss for sudden blowups on the highway instead of a member of the general public who is injured because of the blowup. The court posed the question

whether the state could be held liable under the facts giving rise to plaintiff's injury, where it had general but not particular notice as to the risk of harm.

Its affirmative answer to that question, the principle of general notice, is the *ratio decedendi* or holding of the case, rather than dicta beyond that issue before the court. Therefore, this court would seem to be bound to follow that holding under the cornerstone doctrine of *stare decisis*. Because *Knickel* is directly on point in the instant matter, *stare decisis* would seem to require this court to legally analyze plaintiff's cause of action against defendant for negligent maintenance of the highway under the concept of general notice.

■ This court declines to do so with all due respect to the *Knickel* court. *Stare decisis* is only a maxim of the law, and not a "legal principle." The maxim is founded upon reason, and it should not be so applied as to banish reason from the law. *Cincinnati v. Taft* (1900), 63 Ohio St. 141, 58 N.E. 63. The holding in *Knickel* that stands for the proposition of general notice in blowup cases is internally inconsistent in its legal reasoning.

■ The principle of law for which *Knickel* has time and again been cited is that ODOT is not an insurer of highway safety. See, *e.g.*, *Lester Gregory v. Ohio Dept. of Transp.* (Oct. 24, 1995), Franklin App. No. 95API04–483, unreported, 1995 WL 632067. Yet one who stands in the position of an insurer agrees to make compensation via contract on a specified subject by specified perils. Black's Law Dictionary (6 Ed.1990) 802. This is akin to a party charged with general notice under a reasonable standard of care, or what in essence amounts to strict liability. Whenever injury is caused by a sudden blowup on the highway, ODOT would be held liable under the *Knickel* court's reasoning. This is in conflict with a standard of reasonable care for the maintenance of the highway system and at odds with the noninsurer status attributed to ODOT. This court is not aware of any case from the Supreme Court of Ohio that embraces the concept of general notice in the concept of general notice in blowup cases or supports other than a reasonable standard of care for the maintenance of the highway system. *White v. Ohio Dept. of Transp., supra.*

Nevertheless, this court is reluctant not to follow a case on all fours like *Knickel.* The court takes solace in the words of Chief Justice Bartley:

"Infallibility is to be conceded to no human tribunal. A legal principle [precedent], to be well settled, must be founded on *sound reason* and tend to the *purposes of justice.* * * * Otherwise, it could never be said that law is the *perfection of reason,* and that it is the *reason* and *justice* of the law which give to it its *vitality.*" (Emphasis *sic.*) *Leavitt v. Morrow* (1856), 6 Ohio St. 71.

Based upon the foregoing legal analysis, this court respectfully declines to follow what would otherwise be the binding precedential principle of general notice for blowup cases as set forth in *Knickel.*

 Plaintiff's alternative theory of recovery is that ODOT negligently repaired the blowup on July 8, 1993. Specifically, plaintiff alleges that grinding a blowup fell below the acceptable standard of care for the repair of blowups. The method pointed to by plaintiff as the standard of care is referred to as "full-depth repair." In that instance, the entire joint is replaced in the pavement. The court finds that although full-depth repair may well be a better method to repair a blowup in the highway, plaintiff has failed to prove by a preponderance of the evidence that the grinding method of repair fell below the standard of reasonable care.

 Assuming, *arguendo,* that defendant has been negligent, the court finds that plaintiff was more than fifty percent negligent himself. Plaintiff had a duty to exercise ordinary care for his own safety. *Sidle v. Humphrey* (1968), 13 Ohio St.2d 45, 42 O.O.2d 96, 233 N.E.2d 589. Failure to exercise such care, if it is a contributing cause in bringing about plaintiff's injuries, is contributory negligence. Restatement of the Law 2d, Torts (1965) 506, Section 463. Plaintiff saw the posted warning for the bump and received a radio message from the lead motorcyclist that the bump was severe. Although plaintiff slowed his speed from fifty-five mph to forty-five mph, the court finds that plaintiff failed to maintain reasonable control of the motorcycle and towed trailer. R.C. 4511.202. Where plaintiff's negligence is a greater cause of injuries than that of defendant, plaintiff is barred from recovery. R.C. 2315.19.

Based upon the opinion set forth above, the court finds that plaintiff failed to prove by a preponderance of the evidence that defendant breached its duty of reasonable care. Even assuming that it had breached a duty, the court finds that plaintiff's negligence would bar recovery for any injuries sustained in his July 10, 1993 motorcycle accident. Therefore, judgment is hereby rendered for defendant and against plaintiffs in this matter.

*Judgment for defendant.*