IN RE ESTATE OF FAHLE.

(No. 4466—Decided May 22, 1950.)

*Messrs. Ray & Diller,* for appellant, administrator.
*Mr. Wm. B. Devlin,* for appellee, U. S. Mercantile
Agency.

FESS, J.   This is an appeal from an order of the
Probate Court authorizing a judgment creditor to
present its claim to appellant administrator.

Sophia Louise Fahle died testate on March 1, 1949,
and letters of administration with the will annexed
was issued on July 14, 1949.   Notice of appointment
and proof of publication were filed on July 30, 1949.

Appellee's petition for authority to present its claim was filed on January 16, 1950, and, after hearing, granted on February 23, 1950.

At first blush it appears that the order from which the appeal is taken is not one affecting a substantial right in a special proceeding. However, upon presentation of a claim the administrator must either allow or reject it. By reason of the order, the administrator could not reject the claim on the ground that it was not filed within four months. Upon rejection of the claim, the claimant is permitted to institute an action thereon alleging that the claim was duly presented and rejected, and the administrator could not then collaterally attack the order of the Probate Court allowing presentation of the claim. *Busse & Borgmann Co.* v. *Upchurch, Admx.,* 60 Ohio App., 349, 21 N. E. (2d), 349. It follows that the granting of the petition is a final order from which an appeal may be taken.

No bill of exceptions was filed, and, therefore, the appeal must be determined upon the pleadings and the transcript of the docket and journal entries.

The petition, in part, alleges that the petitioner did not have actual notice of the decedent's death or of the appointment of the administrator in sufficient time to present its claim within the period prescribed by law; that the decedent had transacted her business and taken title to real estate as "Louise S. Fahle"; and that petitioner did not know her as Sophia Louise Fahle until January 6, 1950, at which time a review of the administration proceedings revealed that Louise S. Fahle was deceased and her estate was being administered under the name of "Sophia Louise Fahle."

The journal entry recites that the matter was submitted to the court upon the petition and the evidence, and that the claimant did not have actual notice of de-

cedent's death or of the appointment of the administrator in sufficient time to present its claim within the period prescribed by Section 10509-112, General Code.

Appellant contends that the appellee had actual notice as required by Section 10509-134, General Code, when notice of the appointment of the administrator was published in the Toledo Legal News as required by Section 10509-6, General Code. It is contended further that to hold otherwise would emasculate that portion of Section 10509-112, General Code, requiring all claims to be presented within four months and, in effect, would extend the period to nine months.

But Section 10509-134, General Code, specifically prescribes the conditions under which a claimant who has failed to present his claim within four months may have the right to file his claim after the period has expired. One of these conditions is "that the claimant did not have actual notice of the decedent's death or of the appointment of the executor or administrator in sufficient time to present his claim within the period prescribed by law." If notice by publication of the appointment of an administrator is to be regarded as actual notice, Section 10509-134 is nullified and inoperative except in cases where the Probate Court fails to perform its duty under Section 10509-6, General Code.

The distinction between actual and constructive notice has long been recognized. The distinction is in the manner in which notice is obtained or assumed to have been obtained rather than in the amount of information obtained. Wherever, from competent evidence, either direct or circumstantial, the trier of the facts is entitled to hold as a conclusion of fact and not as a presumption of law that the information was personally communicated to or received by the party, the notice is actual. On the other hand, constructive

notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge. Actual notice may be (1) express or direct information, or (2) implied or inferred from the fact that the person had means of knowledge which he did not use. For example, if a person reads a death notice in a newspaper or a notice of the appointment of an administrator in the legal news he would not have absolute or express actual notice, but he would have sufficient means of knowledge from which the trier of the facts might infer implied actual notice. *Clark* v. *B. & O. Rd. Co.*, 3 N. P., 172, 7 N. P., 647, 4 O. D., 173 (affirmed *Miller* v. *B. & O. Rd. Co.*, 60 Ohio St., 374, 54 N. E., 369); *Crasier* v. *McNeal*, 17 C. C., 644, 646, 6 C. D., 748, 3 O. D., 616; *Varwig* v. *Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.*, 54 Ohio St., 455, 468, 44 N. E., 92; *In re Estate of Erbaugh*, 73 Ohio App., 533, 57 N. E. (2d), 294; *In re Estate of Hamlin*, 54 Ohio Law Abs., 257, 87 N. E. (2d), 691; 30 Ohio Jurisprudence, 194, 197, Sections 3 and 4; 39 American Jurisprudence, 234, 236, Sections 5, 6, and 7; 46 Corpus Juris, 539, 541.

The trial court found from the evidence that the appellee did not have actual notice of decedent's death or of the appointment of the administrator. That finding may not be overcome by proof of publication of the notice prescribed by Section 10509-6, General Code.

The order is, therefore, affirmed and the cause remanded to the Probate Court for further proceedings.

*Judgment affirmed.*

CONN and CARPENTER, JJ., concur.