JUSTICE, ADMX., APPELLANT, *v.* ROSE, SHERIFF, ET AL., APPELLEES.

(No. 906—Decided February 4, 1957.)

*Messrs. Henry & Burwell,* for appellant.
*Mr. Harold D. Spears,* prosecuting attorney, and *Messrs. Andrews, Edwards & Klein,* for appellees.

COLLIER, J. This action was begun in the Court of Common Pleas of Lawrence County, Ohio, by Irene Justice, as administratrix of the estate of Clair Justice, deceased, against Carl E. Rose, who was sheriff of Lawrence County at the time the cause of action accrued. Joined with the defendant Rose were the Hartford Accident & Indemnity Company and the Travelers Indemnity Company which were sureties on the bond of the defendant, Carl E. Rose, as sheriff of the county.

The petition asks damages in the sum of $50,000 for the wrongful and unlawful death of plaintiff's decedent, Clair Justice.

A demurrer was filed to the second amended petition of the plaintiff, which was sustained in the Court of Common Pleas, and, the plaintiff not desiring to plead further, the petition was dismissed, from which judgment the plaintiff has perfected an appeal on questions of law to this court.

The second amended petition in substance alleges that on June 4, 1955, an affidavit was filed in the Probate Court of Lawrence County, Ohio, charging that the decedent, Clair Justice, was mentally ill and in need of treatment; that a warrant was issued for the apprehension and detention of the decedent, and that on that date the decedent was apprehended by the sheriff or by one or more of his duly authorized deputies and confined in the Lawrence County jail with convicted criminals and other persons charged with criminal acts; that while the decedent, Clair Justice, was confined on the first floor of the county jail, he was beaten and injured by one Carl Baldwin, a fellow prisoner, from which injuries the decedent died on June 8, 1955.

Plaintiff alleges that the defendant, Carl E. Rose, was negligent in the performance of his duties as sheriff in that he failed to keep the decedent safely by permitting Carl Baldwin to inflict fatal injuries; that the defendant failed to place the decedent in a place provided by the county commissioners of Lawrence County, Ohio, for mental patients and was negligent in failing to furnish reasonable protection for the decedent while the decedent was in his care, custody and control; that as a direct and proximate result of these acts and omissions of negligence the plaintiff has been damaged in the amount claimed.

Since the liability of the sheriff's sureties who have been made parties defendant can be no greater than that of the sheriff, the sole question for determination is whether the acts and omissions of negligence charged against the sheriff are sufficient to make him responsible in a civil action for the unlawful killing of Clair Justice by Carl Baldwin, a fellow prisoner in the jail.

There are many reported cases involving the liability of an officer for damages sustained by a prisoner under various circumstances while in his custody. However, there are very few

decisions involving cases where the injuries were inflicted by fellow prisoners. It seems this is a novel question in Ohio. The general rule as to liability of an officer for injuries thus sustained is stated in 14 A. L. R. (2d), 362, as follows:

"In order to hold an officer in charge of a jail or prison liable for any injury inflicted upon one prisoner by another prisoner, the courts have held generally that there must be knowledge on the part of the officer that there is danger that such injuries will be inflicted, and he must be guilty of negligence in failing to prevent the injury."

For similar statements of the rule, see 41 American Jurisprudence, 893, Section 13, and 72 Corpus Juris Secundum, 866, Section 13.

Most of the reported cases deal with facts involving a "kangaroo court," fires, food poisoning, injuries sustained by drunken or insane persons, assaults by mobs and unsanitary conditions. Counsel have been very diligent in their research and we have examined all the cases cited and many more. We find only one case that we consider directly in point and that is *Gunther* v. *Johnson*, 55 N. Y. Supp., 869. The New York statutes contained the same provisions as the statutes in Ohio to the effect that the sheriff "shall keep such persons safely" (Section 341.01, Revised Code), and "When the construction of a county jail will permit, the separation of prisoners shall be maintained * * *" (Section 341.09, Revised Code).

In the *Gunther case* one prisoner stabbed another prisoner with a knife, thereby inflicting fatal wounds, and the sheriff was charged with negligence in permitting the prisoner to have a knife in his possession, in not causing a sufficient guard to watch the victim, and in failing to separate the prisoners. Liability was denied upon the principle that the sheriff was not bound to anticipate such an affray between the parties.

The appellant relies strongly upon Section 341.01, Revised Code, which provides that the sheriff "shall keep such persons safely." In our view of the case this is simply declaratory of the common law which imposes the duty upon the sheriff to exercise reasonable care and diligence to protect the prisoner from danger known to, or which might reasonably be apprehended by,

him. The liability of the sheriff, if any, in the case must be predicated upon negligence and does not arise from the statute.

In all the cases where liability of the officer has been sustained for injuries inflicted by another prisoner the facts show a willful and known neglect, in that the officer failed to prevent violence, which was known, or in the exercise of ordinary care should have been known, by him.

In the instant case the alleged acts and omissions of negligence are of a different character. There is no allegation that the sheriff knew of, or had reason to anticipate, any trouble in the jail or danger of injury to Clair Justice; there is no allegation that sheriff Rose knew that Carl Baldwin was a vicious man, nor is there an allegation of any other facts or circumstances from which it may be inferred that the sheriff had reason to take extra precautions for the protection of the decedent.

The sheriff can not be charged with negligence in failing to prevent what he could not have reasonably anticipated. The authorities unanimously hold that an officer owes to prisoners in his custody and control the duty to exercise ordinary care for their protection. But in the absence of an allegation of facts sufficient to show that the officer had reason to anticipate violence and that he failed to prevent it, there can be no liability. Had the situation been reversed and had Baldwin, a common prisoner, been killed by Justice, an insane prisoner, a different question as to liability would be presented.

In our opinion, there is no allegation in the petition sufficient to show that the sheriff failed in his duty to exercise ordinary care for the protection of plaintiff's decedent and, therefore, the judgment of the trial court in sustaining the demurrer to the second amended petition must be, and hereby is, affirmed.

*Judgment affirmed.*

McCurdy, P. J., and Gillen, J., concur.