**JOHNSTON**

v.

**OHIO DEPARTMENT OF REHABILITATION AND CORRECTION.**

Court of Claims of Ohio.

No. 91–02508.

Decided Jan. 29, 1993.

*James F. Mong,* for plaintiff.

*Lee Fisher,* Attorney General, and *Eric A. Walker,* Assistant Attorney General, for defendant.

RUSSELL LEACH, Judge.

Plaintiff Barbara Johnston filed this action on February 13, 1991, stating that while she was a prisoner at the Franklin Pre–Release Center ("FPRC"), she incurred both intentional and negligent infliction of emotional distress from the acts of Emmitt Todd, an employee of defendant. Plaintiff alleges that defendant's liability results from the negligent hiring and supervision of Case Manager Todd and the failure to protect plaintiff from abusive, demeaning and outrageous treatment. Defendant, Ohio Department of Rehabilitation and Correction ("ODRC"), denies any breach of duty to plaintiff and further states that the alleged acts of Todd were outside the course and scope of his employment with defendant.

This action was bifurcated by prior order of the court, and the issue of liability was heard over a three-day period commencing on July 13, 1992.

Plaintiff was incarcerated at FPRC from June 18, 1989 until her release on March 2, 1990. During her incarceration, there is no doubt, based upon the testimony of plaintiff and the exhibits admitted, that a relationship was established between plaintiff and Todd which exceeded the normal inmate/ODRC employee guidelines. While plaintiff alleges that this relationship was known by most ODRC employees, the evidence presented does not reveal that defendant was aware of any unauthorized relationship between plaintiff and Todd until late February 1990, when another inmate informed ODRC officials of Todd's conduct.

Further, the evidence and testimony revealed that plaintiff was aware that her actions were not authorized. Statements by plaintiff concerning her relationship with Todd include, among others, "He made me feel relaxed because he talked

street talk and understands my past"; "He made me feel really loved and special—he accepted me when no one else did"; "When I started showing feelings more, he would touch me on my behind"; "If I had a problem with another inmate or staff member, I would tell him and he would take care of it"; "I was lost—I couldn't see being here without him"; and "We used other inmates as a go-between to relay messages."

■ Although a "special relationship" exists between an inmate and his lawful custodian, the duty attached to this relationship is one of reasonable care and protection by the custodian. *Scebbi v. Dept. of Rehab. & Corr.* (Mar. 21, 1989), Ct. of Cl. No. 87–09439, unreported. Defendant owed to plaintiff the duty of "reasonable care and diligence" to protect those in his custody from known or reasonably foreseeable dangers. *Justice v. Rose* (1957), 102 Ohio App. 482, 3 O.O.2d 39, 144 N.E.2d 303.

■ The custodial officer is not obligated to act until he knows or should know that the arrestee-prisoner is endangered, sick, injured, or mentally disturbed. *Clements v. Heston* (1985), 20 Ohio App.3d 132, 20 OBR 166, 485 N.E.2d 287. The legal concept of notice is of two distinguishable types: actual and constructive.

"The distinction between actual and constructive notice is in the manner in which notice is obtained or assumed to have been obtained rather than in the amount of information obtained. Wherever from competent evidence the trier of the facts is entitled to hold as a conclusion of fact and not as a presumption of law that information was personally communicated to or received by a party, the notice is actual. Constructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice." *In re Fahle's Estate* (1950), 90 Ohio App. 195, 47 O.O. 231, 105 N.E.2d 429, paragraph two of the syllabus.

■ A review of the facts reveals that as soon as ODRC became aware of the alleged unauthorized activities between Todd and other inmates, it took steps to remove Todd from further contact with inmates. Further, this court, after weighing the evidence presented, finds that plaintiff has not met her burden of proof as to the alleged negligent hiring and supervision of employee Todd, and therefore the court finds for ODRC on these issues.

Should this court find that the alleged tortious acts did not occur, it would not be necessary to address the issue of *respondeat superior*. However, had the alleged acts of Todd occurred while performing the business of his employer, there is no doubt that ODRC would be liable.

The Ohio Supreme Court held in *Byrd v. Faber* (1991), 57 Ohio St.3d 56, 58, 565 N.E.2d 584, 586, that:

"It is well-established that in order for an employer to be liable under the doctrine of *respondeat superior,* the tort of the employee must be committed within the scope of employment. Moreover, where the tort is intentional, as in the case at bar, the behavior giving rise to the tort must be 'calculated to facilitate or promote the business for which the servant was employed * * .*.' *Little Miami RR. Co. v. Wetmore* (1869), 19 Ohio St. 110, 132; *Taylor v. Doctor's Hosp.* (1985), 21 Ohio App.3d 154, 21 OBR 165, 486 N.E.2d 1249."

From review of the evidence presented, this court does not find that Todd's alleged acts were calculated to facilitate or promote the business for which he was employed.

██ As this court has previously stated, while it may question and not personally condone the ODRC policy that allows male employees to associate with female inmates in relatively private circumstances, it cannot intercede in policy decisions. As stated in *Reynolds v. State* (1984), 14 Ohio St.3d 68, 14 OBR 506, 471 N.E.2d 776, paragraph one of the syllabus. "The state cannot be sued for its legislative or judicial functions or the exercise of an executive or planning function involving the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion."

██ None of the alleged tortious acts of Todd occurred after ODRC knew or had reason to know of his alleged wrongdoings. However, this court does not find that the alleged acts of Todd did occur. Further, this court finds and determines that the acts were manifestly outside the scope of Todd's employment. Therefore, Todd is not entitled to personal immunity pursuant to R.C. 9.86 and a court of common pleas has jurisdiction over a civil action brought against him.

Judgment is hereby rendered for defendant.

RUSSELL LEACH, J., retired, of the Franklin County Municipal Court, sitting by assignment.