MILLER et al.

v.

CORRECTIONAL RECEPTION CENTER.█

Court of Claims of Ohio.

No. 95–10904.

Decided Feb. 5, 1997.

*David A. Bressman,* for plaintiffs.

*Betty D. Montgomery,* Attorney General, and *Larry Y. Chan,* Assistant Attorney General, for defendant.

Fred J. Shoemaker, Judge.

On October 24, 1995, plaintiff, Brent Miller, filed this action against defendant, Correctional Reception Center ("CRC"), which alleges that CRC negligently failed to clear water in the immediate vicinity of the inmate shower area. As a result, he slipped and fell, thereby causing him bodily injury.

On November 18, 1996, this action came before the court for trial on the sole issue of liability. The findings and conclusions herein are derived from the documents and pleadings in the case file, evidence at trial, and the respective presentations by counsel.

At the time of the accident, plaintiff was an inmate in the custody and control of defendant pursuant to R.C. 5120.16. Plaintiff arrived at CRC on May 28, 1993. On or about June 12, 1993, plaintiff slipped and fell while attempting to exit the inmate shower area.

Plaintiff testified that there had been water on the floor directly in front of the shower entryway. Plaintiff further testified that the water had not been mopped away. Corrections Officer Davis testified that towels were usually placed upon the wet area of the entryway by inmate custodians. However, they were not placed upon the floor the day of the accident. Officer Davis further testified that inmate custodians mop the shower area frequently to minimize the hazard of slipping.

■ Plaintiff's complaint is construed to set forth a single cognizable action, which is one sounding in negligence. In order for plaintiff to prevail upon his claim of negligence, he must prove by a preponderance of the evidence that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 21 O.O.3d 177, 423 N.E.2d 467. Defendant owed to plaintiff the common-law duty of reasonable care. *Justice v. Rose* (1957), 102 Ohio App. 482, 3 O.O.2d 39, 144 N.E.2d 303. Reasonable care is that which would be utilized by an ordinary prudent person under similar circumstances. *Smith v. United Properties, Inc.* (1965), 2 Ohio St.2d 310, 31 O.O.2d 573, 209 N.E.2d 142.

■ While cognizant of a "special relation" between an inmate and his custodian, no higher standard of care is derived from his relationship. *Scebbi v. Ohio Dept. of Rehab. & Corr.* (Mar. 21, 1989), Ct. of Cl. No. 87–09439, unreported. Although the state is not an insurer of the safety of its prisoners, once it becomes aware of a dangerous condition in the prison, it is required to take the reasonable care necessary to make certain that the prisoner is not injured. *Clemets v. Heston* (1985), 20 Ohio App.3d 132, 20 OBR 166, 485 N.E.2d 287. Consequently, plaintiff bears the burden of proof to demonstrate that defendant was on notice

or was aware of the condition of the floor where the plaintiff fell. *Presley v. Norwood* (1973), 36 Ohio St.2d 29, 65 O.O.2d 129, 303 N.E.2d 81.

The legal concept of notice is of two distinguishable types: actual and constructive:

"The distinction between actual and constructive notice is in the manner in which notice is obtained or assumed to have been obtained rather than in the amount of information obtained. Wherever from competent evidence the trier of the facts is entitled to hold as a conclusion of fact and not as a presumption of law that information was personally communicated to or received by a party, the notice is actual. Constructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 47 O.O. 231, 105 N.E.2d 429, paragraph two of the syllabus.

 In the case at bar, Corrections Officer Davis testified that he was aware that water normally accumulated on the floor in front of the shower entrance. The court thus finds that defendant had actual notice of the water hazard in the shower area; therefore, defendant had the duty of reasonable care to ensure that water on the floor was kept to a minimum. This duty was not breached by defendant. Corrections Officer Davis testified that inmate custodians frequently mopped the area during shower periods to minimize the accumulation of water. The frequent removal of water during shower periods serves as an operation of reasonable care by defendant, since it is a precautionary measure to protect inmates from slipping. Therefore, defendant is not negligent, since it did not breach its duty of reasonable care to plaintiff.

 Assuming that defendant was negligent, plaintiff still would not prevail. Ohio's comparative negligence statute, R.C. 2315.19, bars plaintiff from recovery if his actions were a greater cause (more than fifty percent) of his injuries than any acts of defendant. The court finds that any alleged breach by defendant was less of a causative factor than was plaintiff's own negligence. More specifically, testimony had shown that plaintiff failed to abide by the proper dress code upon egress from the shower area. Plaintiff was wearing shower shoes, which was in violation of prison policy. Additionally, the court finds that plaintiff blatantly disregarded the potential hazard. Therefore, even if defendant was negligent, plaintiff would not prevail due to his own negligence.

The court concludes that plaintiff has failed to prove that defendant had breached its duty of reasonable care. Accordingly, judgment is rendered in favor of defendant and against plaintiff.

*Judgment for defendant.*

FRED J. SHOEMAKER, J., retired, of the Franklin County Court of Common Pleas, sitting by assignment.