**JACKSON**

*v.*

**DEPARTMENT OF REHABILITATION AND CORRECTION.**█

Court of Claims of Ohio.

No. 95–11595.

Decided Feb. 24, 1997.

*Daniel J. Ryan*, for plaintiff.

*Betty D. Montgomery*, Attorney General, and *J. David Goodman*, Assistant Attorney General, for defendant.

DEAN STRAUSBAUGH, Judge.

On November 13, 1995, plaintiff, William Jackson, filed this action against defendant, Ohio Department of Rehabilitation and Correction ("ODRC"), alleging two acts of negligence by ODRC. First, plaintiff alleges that defendant was negligent in that it distributed adulterated food. Second, plaintiff alleges that defendant was negligent in assigning plaintiff to a top bunk bed.

On November 26, 1996, this action came before the court for trial on the sole issue of liability. The findings and conclusions herein are derived from the documents and pleadings in the case file, evidence at trial, and the presentations by counsel.

The first issue to be addressed is whether plaintiff was given adulterated food. Plaintiff was an inmate in the custody and control of defendant pursuant to

R.C. 5120.16. On July 16, 1994, plaintiff was eating food at a scheduled lunch period. Plaintiff testified that he bit into a piece of metal that was imbedded in the food, causing him bodily injury. However, no tangible or corroborating evidence existed as to whether this incident actually occurred.

Evidence at trial revealed that no incident report was filed regarding this incident. Additionally, there was testimony that the incident would have been reported if it had happened. The court finds that plaintiff has failed to prove by a preponderance of the evidence that the event actually occurred.

Plaintiff claims that defendant was also negligent when it assigned him to a top bunk bed. On June 26, 1996, plaintiff fell from his bunk when he began to climb down to receive his diabetes medication. Plaintiff testified that prior to the accident he had been on a different regime for his diabetes, which he claims caused dizziness. Plaintiff further testified that he had informed the institution's physician of his dizziness and requested a bottom bunk prior to the fall.

Plaintiff's claim is construed to set forth a single cognizable action, sounding in negligence. In order for plaintiff to prevail upon his claim of negligence, he must prove by a preponderance of the evidence that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 21 O.O.3d 177, 423 N.E.2d 467. Defendant owed plaintiff the common-law duty of reasonable care. *Justice v. Rose* (1957), 102 Ohio App. 482, 3 O.O.2d 39, 144 N.E.2d 303. Reasonable care is that which would be used by an ordinary prudent person under the circumstances. *Smith v. United Properties, Inc.* (1965), 2 Ohio St.2d 310, 31 O.O.2d 573, 209 N.E.2d 142.

While we are cognizant of a special relation between an inmate and his custodian, no higher standard of care is derived from this relationship. *Scebbi v. Ohio Dept. of Rehab. & Corr.* (Mar. 21, 1989), Ct. of Cl. No. 87–09439, unreported. Although the state is not an insurer of the safety of its prisoners, once it becomes aware of a dangerous condition in the prison, it is required to take the reasonable care necessary to make certain that the prisoner is not injured. *Clemets v. Heston* (1985), 20 Ohio App.3d 132, 20 OBR 166, 485 N.E.2d 287. However, plaintiff bears the burden of proof to demonstrate that defendant was on notice or aware of the dangerous condition.

Notice is of two distinguishable types, actual and constructive.

"The distinction between actual and constructive notice is in the manner in which notice is obtained or assumed to have been obtained rather than in the amount of information obtained. Wherever from competent evidence the trier of

fact is entitled to hold as a conclusion of fact and not as a presumption of law that information was personally communicated to or received by a party, the notice is actual. Constructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice." *In re Fahle's Estate* (1950), 90 Ohio App. 195, 47 O.O. 231, 105 N.E.2d 429, paragraph two of the syllabus.

In the case at bar, plaintiff presented evidence that defendant had actual notice of plaintiff's request to be reassigned to a bottom bunk.

Plaintiff testifies that he had informed the physician of his dizziness and had requested he be reassigned to a bottom bunk. Lois Rathwell–Love, the health care administrator, confirmed plaintiff's request, but testified that administrative policy would not allow defendant to reassign plaintiff's bunk classification. The court finds that defendant had actual notice of plaintiff's request but that plaintiff failed to prove by a preponderance of the evidence that defendant breached its duty of reasonable care in that plaintiff failed to present evidence that the symptoms of his diabetes or the side effects of his medication were severe enough to cause an unreasonable risk of harm. The court finds that in this case expert testimony is required to determine the risks of assigning plaintiff to a top bunk, which was not presented in this case. Plaintiff's failure to present expert testimony regarding the risks associated with bunk assignments of diabetic inmates results in plaintiff's failure to prove that defendant breached any duty it owed to him.

The court finds no negligence on behalf of defendant. Accordingly, judgment is rendered in favor of defendant and against plaintiff.

*Judgment for defendant.*