BELL

v.

MONTGOMERY EDUCATION PRE–RELEASE CENTER.

Court of Claims of Ohio.

No. 96–03421.

Decided March 13, 1997.

*Timothy W. Bell, pro se.*

*Betty D. Montgomery*, Attorney General, and *Kristen E. McKinley*, Assistant Attorney General, for defendant.

J. WARREN BETTIS, Judge.

In his complaint, plaintiff, Timothy W. Bell, alleges that defendant, Montgomery Education Pre–Release Center ("MEPC"), failed to install windows in cell doors, causing a door to hit his head when it was opened by a fellow inmate.

On February 10, 1997, this action came before the court for trial. The finding and conclusions herein are derived from the documents and pleadings in the cas file, evidence at trial, and the respective presentations by both parties.

At the time of the accident, plaintiff was an inmate in the custody and contro of defendant pursuant to R.C. 5120.16. On or about July 22, 1995, plaintiff wa approaching a sink to brush his teeth. Plaintiff inadvertently dropped his tootl brush in front of the cell door. While bending over to pick up the tooth brush plaintiff was struck by the cell door when it was opened by a fellow inmate

Plaintiff asserted that if the cell doors had windows, he would have been able t avoid injury. However, corrections officers testified and denied that the inciden could have been avoided by the installation of windows in the cell door

Plaintiff's complaint is construed to set forth a single cognizable actior which is one sounding in negligence. In order for plaintiff to prevail upon hi claim of negligence, he must prove by a preponderance of the evidence tha defendant owed him a duty, that it breached that duty, and that the breac proximately caused his injuries. *Strother v. Hutchinson* (1981), 67 Ohio St.2 282, 21 O.O.3d 177, 423 N.E.2d 467. Defendant owed to plaintiff the common-la duty of reasonable care. *Justice v. Rose* (1957), 102 Ohio App. 482, 3 O.O.2d 3! 144 N.E.2d 303. Reasonable care is that which would be utilized by an ordinar prudent person under certain circumstances. *Smith v. United Properties, In* (1965), 2 Ohio St.2d 310, 31 O.O.2d 573, 209 N.E.2d 142.

Although there is a "special relation" between an inmate and hi custodian, no higher standard of care is derived from this relationship. *Scebbi Ohio Dept. of Rehab. & Corr.* (Mar. 21, 1989), Ct. of Cl. No. 87–09439, unreported Although the state is not an insurer of the safety of its prisoners, once it become aware of a dangerous condition in the prison, it is required to take the reasonabl care necessary to make certain that the prisoner is not injured. *Clemets Heston* (1985), 20 Ohio App.3d 132, 20 OBR 166, 485 N.E.2d 287. Consequentl plaintiff bears the burden of proof to demonstrate that defendant was on notic or was aware of the condition of the floor where plaintiff fell. *Presley Norwood* (1973), 36 Ohio St.2d 29, 65 O.O.2d 129, 303 N.E.2d 81.

The legal concept of notice is of two distinguishable types—actual and col structive:

"The distinction between actual and constructive notice is in the manner i which notice is obtained or assumed to have been obtained rather than in th amount of information obtained. Wherever from competent evidence the trier fact is entitled to hold as a conclusion of fact and not as a presumption of law th: information was personally communicated to or received by a party, the notice actual. Constructive notice is that which the law regards as sufficient to gi

notice and is regarded as a substitute for actual notice." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 47 O.O. 231, 105 N.E.2d 429, paragraph two of the syllabus.

In the case at bar, plaintiff failed to present evidence to show that defendant had actual notice or constructive knowledge that there was a potential danger by not having windows in the cell doors. Testimony by corrections officers revealed that there had never been a complaint about the potential hazard of not having windows in the cell doors. In fact, this was the first accident of its kind to have occurred at MEPC. Thus, plaintiff has failed to prove by a preponderance of the evidence that defendant was on notice, actual or constructive, of the potential hazard.

■ Assuming that defendant was negligent, plaintiff still would not prevail. Ohio's comparative negligence statute, R.C. 2315.19, bars plaintiff from recovery if his actions were a greater cause (more than fifty percent) of his injuries than any acts of defendant. The court finds that any alleged breach by defendant was less of a causative factor than was plaintiff's own negligence. Testimony revealed that plaintiff blatantly disregarded the potential hazard. Therefore, even if defendant were negligent, plaintiff would not prevail due to his own negligence.

The court concludes that plaintiff has failed to prove that defendant breached any duty that it owed to him. Accordingly, judgment is rendered in favor of defendant and against plaintiff.

*Judgment for defendant.*

J. WARREN BETTIS, J., retired, of the Columbiana County Court of Common Pleas, sitting by assignment.