CASE

v.

**DEPARTMENT OF REHABILITATION AND CORRECTION et al.**

Court of Claims of Ohio.

No. 96–08717.

Decided June 18, 1998.

2

*Richard F. Swope,* for plaintiff.

*Betty D. Montgomery,* Attorney General, and *Susan M. Sullivan,* Assistant Attorney General, for defendants.

DEAN STRAUSBAUGH, Judge.

In his complaint, plaintiff Jimmie Case alleges that defendants were negligent in the maintenance of a storage loft at the Chillicothe Correctional Institution ("CCI"). As a result, plaintiff was injured when he stepped through the floor of the loft and fell to the ground below. Defendants deny any liability to plaintiff.

This matter came to trial on the sole issue of liability. The findings and conclusions herein are derived from the documents and pleadings in the case file, evidence at trial, and the respective presentations by both parties.

On July 3, 1995, defendant, Ohio Department of Development ("ODD"), entered into an "agreement for services" with Hocking Technical College ("HTC") whereby HTC provided three supervisors to manage inmate workers in conjunction with ODD's travel and tourism activities. On August 9, 1995, defendants entered into an "agreement of understanding" whereby defendant Department of Rehabilitation and Correction provided use of an eight-thousand square-foot warehouse facility at CCI for ODD's travel and tourism packet compilation, storage, and distribution.

On March 13, 1996, plaintiff was an inmate at CCI and was working under the supervision of James H. Laster. Laster was employed by HTC and was supervising plaintiff's activities in the CCI warehouse pursuant to the aforementioned agreements. Laster instructed plaintiff and inmate Overholtz to store tables in the loft area of the warehouse. As plaintiff and Overholtz were moving around the loft, plaintiff stepped onto an area that was unprotected by plank flooring. He fell through the loft floor approximately fourteen feet to a concrete floor below.

Plaintiff's complaint is construed to set forth a single cognizable action, which is one sounding in negligence. In order for plaintiff to prevail upon his claim of negligence, he must prove by a preponderance of the evidence that defendants owed him a duty, that they breached that duty, and that the breach proximately caused his injuries. *Strother v. Hutchinson* (1981), 67 Ohio St.2d

282, 21 O.O.3d 177, 423 N.E.2d 467. Defendants owed to plaintiff the common-law duty of reasonable care. *Justice v. Rose* (1957), 102 Ohio App. 482, 3 O.O.2d 39, 144 N.E.2d 303. Reasonable care is that which would be utilized by an ordinary prudent person under certain circumstances. *Smith v. United Properties, Inc.* (1965), 2 Ohio St.2d 310, 31 O.O.2d 573, 209 N.E.2d 142.

Although there is a "special relationship" between an inmate and his custodian, no higher standard of care is derived from this relationship. *Scebbi v. Ohio Dept. of Rehab. & Corr.* (Mar. 21, 1989), Ct. of Cl. No. 87-09439, unreported. Although the state is not an insurer of the safety of its prisoners, once it becomes aware of a dangerous condition in the prison, it is required to take the reasonable care necessary to make certain that the prisoner is not injured. *Clemets v. Heston* (1985), 20 Ohio App.3d 132, 20 OBR 166, 485 N.E.2d 287. Consequently, the core issue of this case requires plaintiff to prove that defendants were on notice or were aware of the condition of the loft flooring where plaintiff fell.

The legal concept of notice is of two distinguishable types—actual and constructive:

"The distinction between actual and constructive notice is in the manner in which notice is obtained or assumed to have been obtained rather than in the amount of information obtained. Wherever from competent evidence the trier of fact is entitled to hold as a conclusion of fact and not as a presumption of law that information was personally communicated to or received by a party, the notice is actual. Constructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197, 47 O.O. 231, 232, 105 N.E.2d 429, 429–430.

Agency may be defined as a contract, express or implied, by which one of the parties confides to the other the management of some business to be transacted in his name, or on his account, by which the other (the agent) assumes to do the business and to render an account of it. *Ish v. Crane* (1862), 13 Ohio St. 574. The relationship of principal to agent may arise by express agreement, or by implication or estoppel. *Levin v. Nielsen* (1973), 37 Ohio App.2d 29, 66 O.O.2d 52, 306 N.E.2d 173. In the case at bar, the court finds that Laster acted as an agent of defendants while supervising inmates, including plaintiff, who worked on ODD's travel and tourism packets at CCI. This implied agency resulted from both the agreement for services and agreement of understanding.

Plaintiff presented sufficient evidence to show that defendants had actual knowledge that there was an unreasonable risk of harm to inmates by placing them in the loft area where a lack of sufficient flooring created a hazard of falling. Laster testified that he had personally been in the loft area prior to plaintiff's

accident and that he was aware of its condition. Consequently, Laster told plaintiff and Overholtz to be careful while working in the loft.

The court concludes that plaintiff has proven that defendants breached their duty of reasonable care to protect plaintiff from harm and that defendants' breach was the proximate cause of plaintiff's injuries.

This action was tried before the court on the sole issue of liability. The court has considered the evidence and rendered a decision filed herein. Judgment is rendered in favor of plaintiff. A trial on the issue of damages will be scheduled in the near future.

*Judgment accordingly.*

DEAN STRAUSBAUGH, J., retired, of the Franklin County Court of Appeals, sitting by assignment.