[Cite as *Click v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-5687.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GREGORY CLICK

      Plaintiff

      v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

      Defendant
      Case No. 2009-02031

Judge Joseph T. Clark
Magistrate Matthew C. Rambo

MAGISTRATE DECISION

{¶ 1} Plaintiff brought this action alleging negligence. The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶ 2} At all times relevant, plaintiff was an inmate in the custody and control of defendant at the Allen Correctional Institution (ACI) pursuant to R.C. 5120.16. Plaintiff testified that on February 15, 2007, he was working as a mechanic in the ACI "garment shop" when several rolls of chambray fell from a shelf and hit him in the back. Plaintiff estimated that the shelves were five to ten feet above the shop floor; however, he did not testify as to the size or weight of the rolls of chambray.

{¶ 3} According to plaintiff, he was on his hands and knees on the floor of the shop in the process of servicing a "cutting table" when the rolls fell on him. Plaintiff testified that inmates Leonard and Martin were conducting an inventory of the material when he was struck. Plaintiff testified that after the incident, several inmates helped him to his feet while others informed the shop supervisor of the incident. Plaintiff also testified that defendant's employees Ron Ditto, Corrections Officer Clayman, Mike

Landon, and Pete McKinney responded to the scene and that Inmate Health Services (IHS) was summoned. According to plaintiff, an IHS staff member responded to the shop with a "gator" vehicle and transported him to the ACI infirmary. Interdisciplinary progress notes from plaintiff's medical file show that he presented to the infirmary on February 15, 2007, complaining of lower back pain. (Plaintiff's Exhibit 9.)

{¶ 4} Plaintiff stated that on February 16, 2007, he submitted an informal complaint regarding the incident but never received a response. (Plaintiff's Exhibit 2.) Plaintiff stated that he then submitted a notification of grievance to the ACI Inspector on February 23, 2007, but again did not receive a response. (Plaintiff's Exhibit 3.) On February 1, 2009, plaintiff filed a second informal complaint regarding the incident. (Plaintiff's Exhibit 1.) On February 19, 2009, plaintiff filed a second notification of grievance regarding the incident. (Plaintiff's Exhibit 5.) In attempting to explain the nearly two-year gap in the dates of the two sets of complaints and grievances, plaintiff stated that he "complained to staff everyday" regarding the injury to his back.

{¶ 5} Inmate Gregory Gooden testified that he was working in the garment shop on the day of the incident. Gooden stated that plaintiff was helping other inmates place rolls of material on the shelves when one of the shelves "gave way" causing several of the rolls to fall and strike plaintiff. Gooden estimated that rolls fell from a height of between seven and ten feet. Gooden testified that after the rolls struck plaintiff, the shop supervisors were notified, and that plaintiff was removed from the shop in a wheelchair.

{¶ 6} Inmate Ismael Vasquez testified that he was working as a sewing machine operator in the shop on the day of the incident. Although he did not see the incident occur, he did hear plaintiff cry out in pain and he observed that a "whole shelf" of rolls of material had fallen on plaintiff from a height of approximately 15 feet. Vasquez stated that two other inmates were loading the rolls onto the shelves when they fell.

{¶ 7}   Inmate Kevin Cox testified that he is a friend of plaintiff and that he was also working in the shop at the time of the incident.  Cox stated that he was near the restrooms at the front of the shop when he heard plaintiff yell.  According to Cox, he then walked to the area of the incident and observed plaintiff and a single roll of chambray on the ground beneath the shelves.  Cox testified that plaintiff left the shop for a short time but returned to work for "most of the day."

{¶ 8}   Ronald Ditto testified that he was a Penal Industries Manager 1 in charge of the operation of the ACI garment shop at the time of the alleged incident.  Ditto stated that he clearly remembered plaintiff working in the shop as a maintenance and repair man from the time he came to ACI in 2004 until he was removed from the shop for disciplinary reasons at a "later date."  However, Ditto did not have any recollection of plaintiff's being injured in the shop, or of any inmate's being injured as a result of rolls of material falling off the shelves.  Furthermore, Ditto testified that he and the other employees who work in the shop are required to fill out incident or accident reports to document any such occurrences but that no such reports exist for the incident at issue nor are there any informal complaints or grievances regarding such an incident.  Ditto stated that the shelves plaintiff and the other inmates reference in their testimony stood approximately shoulder high to him, and that the higher shelves were used as storage for empty boxes.[1]

{¶ 9}   Edwin Dunn has served as Inspector of Institutional Services for ACI since May 2008.  Dunn testified that he searched both the computerized and physical files kept by ACI, and could not find any record of the incident that plaintiff describes, including the complaint and grievance that plaintiff claims he filed in February 2007.

{¶ 10} Peter McKinney was the workshop supervisor in the garment shop at the time of the incident alleged by plaintiff. McKinney testified that he is familiar with plaintiff inasmuch as plaintiff was a maintenance mechanic in the shop at one time.  McKinney

testified that he does not recall an incident like the one plaintiff described and that he could find no documentation of such an incident in his records.

{¶ 11} In order for plaintiff to prevail upon his claim of negligence, he must prove by a preponderance of the evidence that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282; *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77. Defendant owed plaintiff the common law duty of reasonable care. *Justice v. Rose* (1957), 102 Ohio App. 482. Reasonable care is that which would be utilized by an ordinarily prudent person under similar circumstances. *Murphy v. Ohio Dept. of Rehab. &* Corr., Franklin App. No. 02AP-132, 2002-Ohio-5170, at ¶13. A duty arises when a risk is reasonably foreseeable. *Menifee*, supra, at 75.

{¶ 12} While the court is cognizant of a "special relationship" between an inmate and his custodian, no higher standard of care is derived from the relationship. *Clemets v. Heston* (1985), 20 Ohio App.3d 132. The state is not an insurer of the safety of its prisoners; however, once it becomes aware of a dangerous condition in the prison, it is required to take the degree of reasonable care necessary to protect the prisoner from harm. Id. "[W]here a prisoner also performs labor for the state, the duty owed by the state must be defined in the context of those additional facts which characterize the particular work performed." *McCoy v. Engle* (1987), 42 Ohio App.3d 204, 208. The state therefore has a duty to protect inmates from unreasonable risks of harm arising out of the performance of such labor. Id.

{¶ 13} Based upon the testimony and evidence adduced at trial, the court is not persuaded that plaintiff was struck by falling rolls of material. Plaintiff's testimony lacked credibility, and the testimony provided by the other inmates was inconsistent. Moreover, the documents plaintiff provided as exhibits and which claims were submitted

---

[1]The court conducted a viewing of the shop with counsel for both parties. Although the shelves in question are no longer used to store rolls of material, they are still present in the shop.

to defendant shortly after the incident do not show any sign that they were received by ACI staff, such as a date stamp, signature, or written response.  There are no other documents that would corroborate the testimony that an incident occurred.  Additionally, while plaintiff provided some evidence that he suffered a back injury, he did not provide any evidence to establish that the alleged incident proximately caused the injury.

{¶ 14} However, assuming, arguendo, that the incident occurred as plaintiff testified, the court finds that defendant is not liable for any injury plaintiff may have suffered as a result.  Specifically, plaintiff fails to point to any breach of duty on the part of defendant that is the proximate cause of his injury.  Plaintiff asserts that the inmates working in the shop were improperly supervised, but does not point to any rule, regulation, or policy that defendant violated or to any unreasonable practices employed in the shop.  Plaintiff's mere assertion that he was injured while in the shop is not sufficient to support his claim for relief without further evidence of some negligence by defendant.  Based upon the foregoing, judgment is recommended in favor of defendant.

*A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i).  If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed.  A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____

MATTHEW C. RAMBO
Magistrate

cc:

Douglas R. Folkert
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Richard F. Swope
6480 East Main Street, Suite 102
Reynoldsburg, Ohio 43068

MR/cmd
Filed October 12, 2010
To S.C. reporter November 18, 2010