[Cite as *Hudson v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-6867.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

BILL HUDSON,

    Plaintiff,

    v.

OHIO DEPARTMENT OF
REHABILITATION AND CORRECTION,

    Defendant.

Case No. 2010-08101

Judge Clark B. Weaver Sr.
Magistrate Matthew C. Rambo

<u>**MAGISTRATE DECISION**</u>

{¶1} Plaintiff brought this action alleging negligence. The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶2} At all times relevant, plaintiff was an inmate in the custody and control of defendant at the Mansfield Correctional Institution (ManCI) pursuant to R.C. 5120.16. On November 5, 2009, at approximately 8:00 p.m., two inmates entered plaintiff's cell on the upper range of ManCI housing unit 1C and assaulted plaintiff and his cellmate. Plaintiff alleges that the two inmates did not reside in 1C and were not authorized to be there. Plaintiff asserts that the corrections officers (COs) tasked with the security of 1C were negligent in allowing the two inmates into the unit.

{¶3} In order for plaintiff to prevail upon his claim of negligence, he must prove by a preponderance of the evidence that defendant owed him a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77. Ohio law imposes upon the state a duty of reasonable care and protection of its prisoners;

however, the state is not an insurer of inmate safety. *Williams v. Southern Ohio Correctional Facility* (1990), 67 Ohio App.3d 517, 526.

{¶4} Defendant is not liable for the intentional attack on one inmate by another unless it has adequate notice, either actual or constructive, of an impending attack upon that specific inmate. The distinction between actual and constructive notice is in the manner in which notice is obtained rather than in the amount of information obtained. Whenever the trier of fact is entitled to find from competent evidence that information was personally communicated to or received by the party, the notice is actual. Constructive notice is that notice which the law regards as sufficient to give notice and is regarded as a substitute for actual notice. *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198. In the case of inmate-on-inmate violence, notice is lacking where defendant does not have any knowledge of prior problems, disputes, or altercations between the victim and the assailant and institutional staff have no indication that an attack is going to occur. *Elam v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 09AP-714, 2010-Ohio-1225, ¶11, citing *Doss v. Ohio Dept. of Rehab. & Corr.* (Mar. 28, 2000), Franklin App. No. 99AP-661, and *McDonald v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 02AP-735, 2003-Ohio-513.

{¶5} Plaintiff testified that on November 5, 2009, he had gone to "pill call" for his medication between 6:30 p.m. and 7:00 p.m. and returned to his cell where his cellmate, Kevin Koller, was preparing food. According to plaintiff, he was standing with his back to the door of the cell when the door was thrown open and inmates Cole and Frazier entered the cell and a fight ensued. Plaintiff stated that COs eventually broke up the fight using pepper spray, that inmate Cole was cuffed and removed from the area, and that inmates were ordered to "roll in," or return, to their cells. Plaintiff testified that when the inmates returned to their cells, inmate Frazier was left in the open, attempted to continue the attack, and had to be subdued by additional COs. According to plaintiff, he suffered two broken knuckles and a fractured wrist as a result of the fight.

**{¶6}** Plaintiff admitted that he did not anticipate the fight and to this day does not know what it was about, and that defendant did not have specific knowledge that he would be attacked. However, according to plaintiff, at the time of the incident, movement into the unit was restricted such that a CO was posted at the unit door and only inmates with passes should have been permitted into the unit. Plaintiff testified that when he returned from pill call earlier in the evening, the unit door was locked and he was required to show his pass in order to gain entry into the unit.

**{¶7}** Inmate Jason Cole testified that on the day of the incident he was returning to his housing unit, 2C, when inmate Frazier approached him and said he had a problem with an inmate in 1C. According to Cole, Frazier was with inmate Domato, a resident of 1C, and both men smelled like "wine" and seemed drunk. Cole testified that he and Frazier followed Domato into 1C. Cole stated that CO Thompson stopped and questioned him and that he told Thompson that he was getting something from Domato's cell. According to Cole, Thompson told him to "make it quick" and let him into the unit. Cole testified that he, Frazier, and Domato then proceeded to plaintiff's cell and assaulted plaintiff and Koller, setting off a melee that required six or seven COs, six "white shirts" or superior officers, and the use of pepper spray to break up the assault.

**{¶8}** Thomas Thompson testified that he has been a CO at ManCI for thirteen years. According to Thompson, at the time the incident occurred, the door to the unit was locked and movement in and out of the unit was restricted such that a pass was required to enter. Thompson stated that he was on the floor of the housing unit and that CO Payton was manning the door prior to the incident. Thompson testified that when CO Payton unlocked the door to let in inmates who were returning from pill call, Cole and Frazier ran past him. Thompson stated that he did not notice that the two did not live in the unit until they were approaching the upper range.

**{¶9}** Corrections Major Ralph Harr and ManCI Institutional Inspector Sharon Berry both testified that movement into and out of housing units at ManCI is restricted during certain times of the day such that passes are required to enter the units. Harr responded to an informal complaint that plaintiff filed and Berry responded to a

grievance that he filed. (Plaintiff's Exhibits 8, 9.) Both stated that the doors to the unit should have been secured at the time of the incident such that only inmates living in 1C could gain entrance. However, both also stated that Thompson and Payton did nothing wrong during the incident. Harr testified that "COs can't stop everything" that goes on in the housing unit, and Berry stated that in light of Thompson's report that Frazier and Cole ran past him, she believed that there was no indication that he and Payton did anything wrong.

{¶10} Based upon the foregoing, the court finds that defendant is not liable to plaintiff for the injuries he suffered when he was assaulted by other inmates. It is clear that defendant had no notice of any impending attack on plaintiff by Frazier or Cole. Indeed, plaintiff testified that he had never had a problem with either of the two men. Additionally, the court finds that plaintiff has failed to establish that Thompson and Payton acted unreasonably at the time of the incident. Specifically, Thompson's testimony that the inmates ran into the unit when the door was opened was more persuasive than Cole's testimony that he simply walked into the unit. Based upon Thompson's testimony, the court finds that he and Payton had little chance to stop either Frazier or Cole before the assault began.

{¶11} Accordingly, judgment is recommended in favor of defendant.

{¶12} A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).

_____
MATTHEW C. RAMBO
Magistrate


cc:


James P. Dinsmore                    Bill Hudson, #523-118
Assistant Attorney General           Mansfield Correctional Institution
150 East Gay Street, 18th Floor      P.O. Box 788
Columbus, Ohio 43215-3130            Mansfield, Ohio 44901-0788


Filed November 18, 2011
To S.C. reporter December 30, 2011