[Cite as *Sudberry v. S. Ohio Corr. Facility*, 2011-Ohio-7006.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MR. JAMES D. SUDBERRY

    Plaintiff

    v.

SOUTHERN OHIO CORRECTIONAL FACILITY

    Defendant

Case No. 2011-08652

Judge Joseph T. Clark
Magistrate Matthew C. Rambo

ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

{¶1} On October 11, 2011, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). Plaintiff did not timely file a response. The motion is now before the court for a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶2} Civ.R. 56(C) states, in part, as follows:

{¶3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to

have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶4} Plaintiff is an inmate in the custody and control of defendant pursuant to R.C. 5120.16. Plaintiff alleges that he has been harassed, threatened, and assaulted by several of defendant's staff members and other inmates; including having water and unknown bodily fluids thrown on him while he was in his cell.

{¶5} Defendant argues that: it did not have notice of impending assaults upon plaintiff by other inmates; its employees did not harass, threaten, or assault plaintiff; and it investigated all complaints filed by plaintiff and found them to be baseless.

{¶6} In support of its motion, defendant filed the affidavit of L. Mahlman, who states:

{¶7} "1. I am employed by the Ohio Department of Rehabilitation and Correction [DRC] as the institutional inspector at [defendant].

{¶8} "2. I have personal knowledge of the facts contained in this Affidavit and am familiar with the underlying facts of this lawsuit, as well as the pleadings filed in Court of Claims Case No. 2011-08652. Moreover, I have personally reviewed [DRC and defendant's] records regarding [plaintiff].

{¶9} "3. Plaintiff * * * is an inmate in the custody of DRC and he was incarcerated at [defendant] at all times relevant to this lawsuit.

{¶10} "4. The records show that [DRC, defendant] and [their] employees did not harass or physically assault plaintiff as alleged in the complaint in this matter. Further, I have no personal knowledge of such conduct ever occurring.

{¶11} "5. The review of the records further show that [DRC and defendant] had no prior knowledge of any impending issue between [plaintiff] and the other inmates as alleged in the Complaint in this matter. Furthermore, [plaintiff] has made no requests for protective custody since 2006.

{¶12} "6. [DRC and defendant] diligently guards against potential hazards posed to inmates, including altercations between inmates, and, at all times relevant to this lawsuit, all employees were following the standard procedures for protecting inmates.

{¶13} "7. [DRC and defendant have] properly investigated and responded to [plaintiff's] complaints of harassment and violence by staff and other inmates."

{¶14} Defendant is not liable for the intentional attack on one inmate by another unless it has adequate notice, either actual or constructive, of an impending attack upon that specific inmate. *Hughes v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 09AP-1052, 2010-Ohio-4736, ¶14-15; see also *Mitchell v. Ohio Dept. of Rehab. & Corr.* (1995), 107 Ohio App.3d 231, 235; *Metcalf v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 01AP-292, 2002-Ohio-5082. The distinction between actual and constructive notice is in the manner in which notice is obtained rather than in the amount of information obtained. Whenever the trier of fact is entitled to find from competent evidence that information was personally communicated to or received by the party, the notice is actual. Constructive notice is that notice which the law regards as sufficient to give notice and is regarded as a substitute for actual notice. *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198. In the case of inmate-on-inmate violence, notice is lacking where defendant does not have any knowledge of prior problems, disputes, or altercations between the victim and the assailant and institutional staff have no indication that an attack is going to occur. *Elam v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 09AP-714, 2010-Ohio-1225, ¶11, citing *Doss v. Ohio Dept. of Rehab. & Corr.* (Mar. 28, 2000), Franklin App. No. 99AP-661, and *McDonald v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 02AP-735, 2003-Ohio-513.

{¶15} Civ.R. 56(E) provides, in part:

{¶16} "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

{¶17} Based upon the uncontested affidavit testimony presented by defendant, the court finds that defendant did not have notice of impending attacks against or harassment of plaintiff by other inmates. The court further finds that, based upon

Mahlman's uncontested affidavit, employees of defendant did not assault or harass plaintiff.

{¶18} Accordingly, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. All pending motions are DENIED as moot. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
JOSEPH T. CLARK
Judge

cc:

Amy S. Brown
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Mr. James D. Sudberry, #402-190
Southern Ohio Correctional Facility
P.O. Box 45699
Lucasville, Ohio 45699

Filed December 2, 2011
To S.C. reporter March 5, 2012