[Cite as *Vititoe v. S. Ohio Corr. Facility*, 2011-Ohio-7049.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CHARLES W. VITITOE

　　Plaintiff

　　v.

SOUTHERN OHIO CORRECTIONAL FACILITY

　　Defendant

Case No. 2010-12800

Judge Joseph T. Clark
Magistrate Matthew C. Rambo

ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

{¶1} On November 2, 2011, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). Plaintiff did not file a response. The motion is now before the court for a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶2} Civ.R. 56(C) states, in part, as follows:

{¶3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also

*Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶4} Plaintiff is currently incarcerated at the Toledo Correctional Institution (ToCI) and was previously in the custody and control of defendant pursuant to R.C. 5120.16. Plaintiff alleges that he was attacked and severely injured by another inmate and that defendant had notice of the impending attack.[1]

{¶5} Defendant is not liable for the intentional attack on one inmate by another unless it has adequate notice, either actual or constructive, of an impending attack upon that specific inmate. *Hughes v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 09AP-1052, 2010-Ohio-4736, ¶14-15; see also *Mitchell v. Ohio Dept. of Rehab. & Corr.* (1995), 107 Ohio App.3d 231, 235; *Metcalf v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 01AP-292, 2002-Ohio-5082. The distinction between actual and constructive notice is in the manner in which notice is obtained rather than in the amount of information obtained. Whenever the trier of fact is entitled to find from competent evidence that information was personally communicated to or received by the party, the notice is actual. Constructive notice is that notice which the law regards as sufficient to give notice and is regarded as a substitute for actual notice. *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198. In the case of inmate-on-inmate violence, notice is lacking where defendant does not have any knowledge of prior problems, disputes, or altercations between the victim and the assailant and institutional staff have no indication that an attack is going to occur. *Elam v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 09AP-714, 2010-Ohio-1225, ¶11, citing *Doss v. Ohio Dept. of Rehab. & Corr.* (Mar. 28, 2000), Franklin App. No. 99AP-661, and *McDonald v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 02AP-735, 2003-Ohio-513.

---

[1]On March 29, 2011, the court dismissed both plaintiff's claim that defendant was negligent in failing to place him in protective custody and his "deliberate indifference" claim.

{¶6} In support of its motion, defendant filed the affidavits of L. Mahlman and Tara Pinski.  Mahlman states:

{¶7} "1.  I am employed by the Ohio Department of Rehabilitation and Correction (DRC) as the Institutional Inspector at [defendant].

{¶8} "2.  I have personal knowledge of the facts contained in this Affidavit and am familiar with the underlying facts of this lawsuit, as well as the pleadings filed in the Court of Claims Case No. 2010-12800.

{¶9} "3.  Plaintiff * * * is an inmate in the custody of DRC and he was incarcerated at [defendant] at all times relevant to this lawsuit.

{¶10} "4.  DRC records show that [defendant's] staff had no prior notice of an impending attack by Inmate Mosley #523-521.  Had [defendant] had any notice of any such impending attack, precautions would have been taken to protect [plaintiff's] safety.

{¶11} "5.  DRC [and defendant] diligently guards against potential hazards posed to inmates, including altercations between inmates, and, at all times relevant to this lawsuit, all employees were following the standard procedures for protecting inmates."

{¶12} Pinski states:

{¶13} "1   I am employed by [DRC] as the institutional inspector at [ToCI].

{¶14} "2.  I have personal knowledge of the facts contained in this Affidavit and have reviewed the pleadings filed in Court of Claims Case No. 2010-12800.  Moreover, I have personally reviewed DRC's records regarding [plaintiff].

{¶15} "3. [Plaintiff] is an inmate in the custody of DRC and is currently incarcerated at ToCI.  His inmate file is also located at ToCI.

{¶16} "4.  DRC records pertaining to [plaintiff] show that DRC had no prior notice of any impending issue between [plaintiff] and the inmate who attacked him as alleged in the Complaint in this matter.

{¶17} "5.  DRC diligently guards against potential hazards posed to inmates, including altercations between inmates, and, at all times relevant to this lawsuit, all employees were following the standard procedures for protecting inmates."

**{¶18}** Plaintiff's complaint is unclear as to the date he was attacked, who attacked him, and how defendant was on notice of such an attack. Based upon the undisputed affidavit testimony presented by defendant, the court finds that defendant did not have notice of an impending attack on plaintiff and is therefore not liable for plaintiff's injuries. Accordingly, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
JOSEPH T. CLARK
Judge

cc:

Ashley L. Oliker
Emily M. Simmons
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Charles W. Vititoe, #475-064
Toledo Correctional Institution
P.O. Box 80033
Toledo, Ohio 43608

MCR/dms
Filed December 19, 2011
To S.C. reporter March 20, 2012