KING

v.

**OHIO DEPARTMENT OF REHABILITATION AND CORRECTION.**

Court of Claims of Ohio.

No. 95–12389.

Decided July 9, 1997.

*Matthew T. Brady,* for plaintiff.

*Betty D. Montgomery,* Attorney General, and *John P. Reichley,* Assistant Attorney General, for defendant.

---

FRED J. SHOEMAKER, Judge.

On March 19, 1997, this action came before the court for trial on the sole issue of liability. The findings and conclusions herein are derived from the documents and pleadings in the case file, evidence at trial, and the presentations by both parties.

Plaintiff's first cause of action alleges that defendant failed to protect him from the hazards of a router machine. On or about September 6, 1994, plaintiff Tracy

A. King cut his hand on a router while using an air hose to remove wood chips from the blade area. Plaintiff asserts that he was not properly trained to operate the machine. Additionally, plaintiff contends that the machine was not equipped with a blade guard.

In his second cause of action, plaintiff alleges that he was injured as a result of negligent operation of a motor vehicle by defendant's agent. On or about September 30, 1994, plaintiff was being transported to the Ohio State University Medical Center to treat the injuries he sustained from the router accident. While en route, defendant's employee was in an automobile accident with another vehicle. Defendant's agent was cited by a police officer as the sole cause of the accident. Plaintiff alleges that the accident caused injuries to his head, neck, and spine.

Plaintiff's complaint is construed to set forth two cognizable actions sounding in negligence. In order for plaintiff to prevail upon his claim of negligence, he must prove by a preponderance of the evidence that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 21 O.O.3d 177, 423 N.E.2d 467. Defendant owed plaintiff the common-law duty of reasonable care. *Justice v. Rose* (1957), 102 Ohio App. 482, 3 O.O.2d 39, 144 N.E.2d 303. Reasonable care is that which would be used by an ordinarily prudent person under certain circumstances. *Smith v. United Properties, Inc.* (1965), 2 Ohio St.2d 310, 31 O.O.2d 573, 209 N.E.2d 142.

Although there is a "special relationship" between an inmate and his custodian, no higher standard of care is derived from this relationship. *Scebbi v. Ohio Dept. of Rehab. & Corr.* (Mar. 21, 1989), Ct. of Cl. No. 87–09439, unreported. Although the state is not an insurer of the safety of its prisoners, once it becomes aware of a dangerous condition in the prison, it is required to take the reasonable care necessary to make certain that the prisoner is not injured. *Clemets v. Heston* (1985), 20 Ohio App.3d 132, 20 OBR 166, 485 N.E.2d 287.

Regarding plaintiff's first cause of action, defendant was not negligent in its training of plaintiff. Due to the router's nature as a cutting tool, the court finds that defendant had actual notice of the router's potential hazard. Although defendant had actual notice of the hazard, plaintiff failed to prove by a preponderance of the evidence that defendant was negligent. The court finds that defendant took reasonable steps to protect plaintiff from injury. Defendant requires training on the router before an inmate may operate it alone. Plaintiff was being properly instructed to operate the machine at the time of his injury. The court finds that the guard was attached to the router and that plaintiff was

made aware of its purpose. Therefore, the court finds that defendant took reasonable precautions in protecting plaintiff from a known hazard.

■ Assuming defendant was negligent, plaintiff still would not prevail. Ohio's comparative negligence statute, R.C. 2315.19, bars plaintiff from recovery if his actions were a greater cause (more than fifty percent) of his injuries than any acts of defendant. The court finds that any alleged breach by defendant was less of a causative factor than was plaintiff's own negligence. Plaintiff testified at trial that he was concentrating on the wood chips being cleared away, rather than on the blade of the router. Accordingly, the court finds that plaintiff blatantly disregarded the hazard. Therefore, even if defendant were negligent, plaintiff would not prevail due to his own negligence.

■ Regarding plaintiff's second cause of action, the court finds that defendant breached its duty of care to plaintiff. Testimony revealed that defendant's employee negligently collided with another vehicle while transporting plaintiff to the Ohio State University Medical Center. Defendant's employee was given a citation for causing the collision. The court finds that the employee's actions breached the duty of care owed to plaintiff. Since the employee was acting on behalf of defendant, it is liable for its employee's negligence under the doctrine of *respondeat superior*. The court finds that defendant was negligent and is therefore liable to plaintiff for his injuries as a result of the negligence.

Accordingly, as to the second cause of action, judgment is rendered in favor of plaintiff.

*Judgment accordingly.*

Fred J. Shoemaker, J., retired, of the Franklin County Court of Common pleas, sitting by assignment.