**ADAIR**

v.

**OHIO DEPARTMENT OF REHABILITATION AND CORRECTION.**

Court of Claims of Ohio.

No. 97–03581.

Decided Dec. 8, 1998.

*Gerald P. Wolfe,* for plaintiff.

*Betty D. Montgomery,* Attorney General, and *John P. Reichley,* Assistant Attorney General, for defendant.

FRED J. SHOEMAKER, Judge.

Plaintiff Billy E. Adair brought the instant action against defendant seeking damages based upon the theory of negligence. Defendant has denied liability. The case was tried to the court on the sole issue of liability.

Plaintiff was incarcerated at the Southeastern Correctional Institute in 1994. In early 1995, plaintiff requested a job in defendant's soap manufacturing plant. Generally, positions in the soap manufacturing plant were coveted because those positions paid a higher wage than other prison jobs.

Plaintiff was subsequently transferred to the soap manufacturing plant in May 1995 and began his on-the-job training. By plaintiff's own admission, he became skilled in the operation of the bar-line soap press machine by June 1995.

The bar-line soap press is a hydraulic punch press used to stamp defendant's logo into the bars of soap. For safety purposes, the press is enclosed in a cage designed for a single operator. The process of stamping soap requires a line worker at the right side of the cage to pass a bar of soap to the machine operator through a slot in the cage. The operator then grabs the bar of soap with his right hand, places it in the cast, and activates the press by depressing two buttons located below the machine deck. Once the bar of soap is stamped, the operator removes the bar with his left hand and passes it through a slot in the left side of the cage. As a design safety feature, the press cycles downward only when both buttons are pressed simultaneously. A single operator cannot activate the buttons unless both hands are removed from the machine deck.

On June 6, 1995, plaintiff lost part of his left thumb while operating the soap press. Plaintiff subsequently brought the instant action alleging that defendant's negligent maintenance of the soap press caused his injuries.

In order for plaintiff to prevail upon his claim of negligence, he must prove by a preponderance of the evidence that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 285, 21 O.O.3d 177, 179, 423 N.E.2d 467, 469–470. As a general rule, defendant owes its inmates a common-law duty of reasonable care, that which would be used by an ordinarily prudent person under this same or similar circumstances. *King v. Ohio Dept. of Rehab. & Corr.* (1997), 90 Ohio Misc.2d 46, 48, 696 N.E.2d 677, 678–679. While the state is not an insurer of the safety of its prisoners, once it becomes aware of a dangerous condition in the prison, it is required to take the reasonable care necessary to make certain that the prisoner is not injured. *King, supra,* citing *Clemets v. Heston* (1985), 20 Ohio App.3d 132, 20 OBR 166, 485 N.E.2d 287.

Plaintiff alleges that his injuries were caused by a malfunction of the soap press machine. The dispositive issue in this case is whether the soap press machine malfunctioned and, if so, did defendant have notice of a defect in the soap line punch press prior to plaintiff's accident.

David Hudson was an inmate working on the soap line with plaintiff. Hudson testified that on June 5, 1995, the day prior to plaintiff's accident, he observed the soap press malfunction while it was being operated by another inmate named George Huff. Hudson saw Huff standing inside the cage with his hands in the air as the machine cycled fifteen to twenty times. According to Hudson, the soap line supervisor, George Lee, witnessed this incident and ordered Huff out of the cage. At Lee's request, the machine was inspected by maintenance personnel and eventually put back into production. On at least one other occasion, more than one inmate was in the enclosed cage when operating the soap press machine.

Hudson also stated that the soap press had been "messing up" for about a month prior to plaintiff's accident; that maintenance had been called in to fix the machine on several occasions; and that both Lee and defendant's industrial manager, Gary Dennis, were aware of the problems.

Plaintiff also testified about the incident involving George Huff. Plaintiff's recollection of the incident was similar to that of David Hudson. Plaintiff claimed that if he had refused to operate the soap press on June 6, 1995, he would have been thrown into the "hole," the inmates' term for solitary confinement.

Defendant introduced its maintenance records for the soap press to show that the machine had been properly maintained and that no prior cycling problems had occurred. Although the records revealed that some minor repairs had been

made to the soap press in the months prior to the accident, the records did not reveal the existence of any similar problem with machine cycling.

Regarding the incident that occurred on June 5, 1995, Lee testified that he heard a strange noise coming from the soap press during George Huff's shift, that he stopped production and called maintenance to check the machine, that maintenance found no problems with the machine, and that another eighteen hundred bars of soap were run that day without incident. Lee emphatically denied seeing the machine cycle by itself on June 5, 1995, or having ever been told by anyone that the machine had cycled on its own.

Since defendant's maintenance records do not reveal any prior cycling problems with the soap press, resolution of the notice issue depends on whether a cycling problem occurred on June 5, 1995, and, if so, whether defendant had notice of the problem. Given the conflicting testimony about the incident involving George Huff, the dispositive issue of notice requires a determination of witness credibility.

In determining the issue of witness credibility, the court considers the appearance of each witness upon the stand; his manner of testifying; the reasonableness of the testimony; the opportunity he had to see, hear, and know the things about which he testified; his accuracy of memory; frankness or lack of it; intelligence, interest, and bias, if any; together with all facts and circumstances surrounding the testimony. Applying these criteria, the court finds George Lee to be the more credible witness. In contrast, the court finds the testimony of plaintiff and David Hudson to be unreliable.

While both plaintiff and Hudson related nearly identical accounts of the incident involving George Huff during their trial testimony, neither plaintiff nor Hudson mentioned this incident in written statements given on June 16, 1995. When plaintiff was asked whether there had been any prior problems with the soap press, he simply responded that problems had arisen on three or four occasions but that he did not tell any of defendant's employees. Plaintiff did not provide any detail in his statement or even mention the incident involving George Huff. Similarly, David Hudson spoke only about a slow cycling incident, which allegedly occurred while he was operating the machine. Hudson failed to mention the incident that allegedly occurred on the day before plaintiff's accident. The failure of plaintiff or plaintiff's witness to recall a major malfunction that allegedly occurred less than twenty-four hours before plaintiff's accident provides the court with sufficient reason to doubt their testimony. In short, the court finds that prior to June 6, 1995, the date of plaintiff's accident, defendant did not know or have any reason to know that the soap press machine presented an unreasonable risk of harm to plaintiff.

Given the absence of proof on the critical issue of notice, the court concludes that plaintiff has failed to prove his claim for negligence by a preponderance of the evidence.

*Judgment for defendant.*

FRED J. SHOEMAKER, J., retired, of the Franklin County Court of Common Pleas, sitting by assignment.