DECISION
Louis M. Antenori, plaintiff-appellant, appeals a decision of the Ohio Court of Claims, which granted a motion for summary judgment filed by the Ohio Department of Rehabilitation and Correction, defendant-appellee.
On June 10, 1998, appellant, a prisoner at Marion Correctional Institution ("Marion Correctional") located in Marion, Ohio, was injured when he slipped and fell in the shower. According to appellant, he slipped while he was attempting to step over a water retention curb that was six to eight inches high. Appellant claims if appellee had done its duty to keep the showers clean and provide no-slip shower mats, he would not have been injured. Appellant stated in his deposition that because of the accident, he received a head injury requiring stitches and that he has had other medical ailments since the accident.
On May 15, 2000, appellant filed a complaint with the Ohio Court of Claims. Appellant alleged that appellee was "negligent in not sand painting spots or laying mats on the curb and leaving this area in the unsafe condition described herein." Appellant also alleged that "other inmates have fallen in the showers in other locks as well and the institution was well aware of the danger, but did not correct the defects and hazardous conditions even after being notified by other inmates about the conditions." Appellee filed a motion for summary judgment which was sustained by the trial court on May 17, 2001. In a two page decision, the court held that "no genuine issues of material fact exist and that [appellee] is entitled to judgment as a matter of law." Appellant appeals this decision and presents the following two assignments of error:
 I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT-APPELLEE.
 II. THE TRIAL COURT ERRED AND ABSUED ITS DISCRETION IN GRANTING SUMMARY JUDGMENT WHEN THE APPELLEE FAILED TO OBTAIN LEAVE TO FILE FOR SUMMARY JUDGMENT WHEN THE CASE WAS SCHEDULED FOR TRIAL AND CONTRARY TO RULE 56(A), OHIO RULES OF CIVIL PROCEDURE.
Appellant argues in his first assignment of error the trial court abused its discretion when it granted appellee's motion for summary judgment. Appellant claims a dispute as to material facts exists in the present case based upon the evidentiary materials in the record.
Pursuant to Civ.R. 56, summary judgment is appropriate when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367,369-370; Dillon v. Univ. Optical (May 3, 2001), Franklin App. No. 00AP-1055, unreported.
Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party. Welco Industries, Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344, 346. "Even the inferences to be drawn from the underlying facts contained in the evidentiary materials, such as affidavits and depositions, must be construed in a light most favorable to the party opposing the motion." Hannah v. Dayton Power Light Co. (1998), 82 Ohio St.3d 482, 485. When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court. Gunsorek v. Pingue (1999), 135 Ohio App.3d 695,700.
Appellant alleged in his complaint that appellee was negligent in its care of the shower facilities at Marion Correctional. Appellant claims appellee's negligence caused his accident. The elements of a negligence claim are: (1) the existence of a duty; (2) breach of that duty by the defendant; (3) proximate cause between the breach and some damage to the plaintiff; and (4) damage to the plaintiff. Tallman v. Branham (June 28, 2001), Franklin App. No. 00AP-1475, unreported. "All of the elements of negligence must be demonstrated for a plaintiff to recover under a theory of negligence." Whiting v. Ohio Dept. of Mental Health (2001),141 Ohio App.3d 198, following Osler v. Lorain (1986), 28 Ohio St.3d 345,347.
Concerning whether appellee has a duty toward appellant, "Ohio law imposes upon ODRC a duty of reasonable care and protection of its prisoners." Kordelewski v. Ohio Dept. of Rehab. Corr. (June 21, 2001), Franklin App. No. 00AP-1109, unreported, following Clemets v. Heston (1985), 20 Ohio App.3d 132, 136. "As a general matter, prison officials owe the duty of reasonable care to inmates; however, they are not insurers of inmates' safety." Woods v. Ohio Dept. of Rehab. Corr. (1999), 132 Ohio App.3d 780, 784. The state is only required to use reasonable care necessary to prevent injury to a prisoner if aware of a dangerous condition. Moore v. Ohio Dept. of Rehab. Corr. (1993),89 Ohio App.3d 107, 112. Reasonable or ordinary care is that degree of caution and foresight that an ordinarily prudent person would employ in similar circumstances. Woods v. Ohio Dept. of Rehab. Corr. (1998), 742, 745.
In the present case, appellant claims the condition of the prison shower was a dangerous condition. Appellant described the shower as dirty, with "soap bars, papers * * * old soap wrappers and scum all over." Appellant also claimed the shower was not cleaned the night before his accident. Appellant stated that appellee had placed shower mats on the floor, but they were "all crumbly, rolled up. You had to watch when you stepped on them." We note we are unable to tell from appellant's answers to depositions and interrogatories whether the shower mats were actually down on the floor at the time. Appellant also stated that he had slipped many times in the shower prior to his accident. Appellant further stated that he had complained to "[m]any officers, many staff, sergeants" concerning the condition of the showers and how they were not cleaned often enough. Appellant stated in his deposition that he knew "other inmates have went up to * * * other officers and told them, look at the shower, man, it's nasty." Appellant also stated that he slipped in the shower even though he was wearing shower shoes as required by appellee.
In addition to appellant's deposition testimony, appellant provided affidavits from four other prisoners. Gene Wright stated in his affidavit that he "watched as both of [appellant's] feet slipped from under him and his head hit the shower step and busted." Wright also stated that at the time of this incident, no mats were on the floor. David Madison stated in his affidavit that "people complained about no mats and slippery floors. At the above time [of the incident] there was no mats layed down or exhaust fans." Cleven Denson, Jr. stated in his affidavit:
 The shower area floor was wet, and there were no mats on the floor in that particular area. The restroom and shower areas were typically steamy during that time, and the floors were continually moist/or wet, particularly during morning and evening hours.
David Rodgers similarly stated:
 On that particular day there were no floor mats down on the floor the shower room floors are very slippery when there are no mats down. Sometimes the mats are down sometimes the mats are not.
In an incident report for appellant's accident, the reporting employee for appellee made a suggestion that appellee provide more mats for the shower area.
After construing this evidence in a light most favorable for appellant, we find that appellant presented sufficient evidence to support the first two elements for negligence to create a genuine issue for trial. Appellee had a duty to provide reasonable care to prevent the complained of injury (slipping in the shower) to appellant because appellee may have been aware of the dangerous condition (showers being slippery) through actual notice (complaints from prisoners) and/or constructive notice (the condition of the showers). Appellee presented evidence that it had taken reasonable steps to prevent similar injuries to other prisoners. However, appellee's evidence demonstrates that a question of fact exists concerning the degree of care appellee provided to appellant and whether appellee breached that duty of care.
Appellant also stated in his deposition that appellee's actions were the proximate cause of his injuries. When asked what he thought would have prevented him from slipping in the shower, appellant stated the following:
 Number one, clean the shower. Number two, pick up the bars of soap. Number three, mats on the floor new mats. Number four, if they had an exhaust fan. Number five, they should have had some kind of sandpaper over there, or some kind of sand thing where you wouldn't, you know, slide or slip. Water being mopped up; soap being gone.
 Sometimes, I told you, there was buckets there. There was clothes hanging up. There was brooms there. I mean, you had to go through obstacles sometimes. I mean, hey, you know, all that, hand railings, you know. You name it, you know. A lot of things could have been done.
Construing this evidence in a light most favorable to appellant, we find that sufficient evidence was presented showing that appellee's actions or inactions may have been the proximate cause of appellant's injuries.
A review of the record also shows that appellant provided sufficient evidence that he was damaged because of the incident. Appellant stated that he received stitches because of his fall. Appellant also claims that the accident caused him to have back problems, "a frequent loss of smell and frequent loss of taste," and some numbness in his right hand and left leg.
After having reviewed the evidence in a light most favorable to appellant, we find that he has presented sufficient evidence to create issues for trial. We also note that the Court of Claims has previously had similar cases with similar fact patterns. In Williams v. Ohio Dept. of Rehab. Corr. (1991), 61 Ohio Misc.2d 699, 704, the court found after holding a trial "by a preponderance of the evidence that defendant was not negligent in its care and maintenance of the shower facility at J-1 block." In Miller v. Correctional Reception Center (1997),83 Ohio Misc.2d 106, 109, after holding a trial, the court stated in its decision:
 The court thus finds that defendant had actual notice of the water hazard in the shower area; therefore, defendant had the duty of reasonable care to ensure that water on the floor was kept to a minimum. This duty was not breached by defendant. * * * The frequent removal of water during shower periods serves as an operation of reasonable care by defendant, since it is a precautionary measure to protect inmates from slipping. Therefore, defendant is not negligent, since it did not breach its duty of reasonable care to plaintiff.
While the plaintiff in each case lost, the matters were resolved in a trial, not summary judgment.
Accordingly, we find that the trial court erred when it granted appellee's motion for summary judgment. Appellant's first assignment of error is sustained. Because of our disposition of appellant's first assignment of error, we need not address appellant's second assignment of error because the issues raised in it are moot. See App.R. 12(A)(1)(c). The judgment of the Ohio Court of Claims is reversed, and this case is remanded to that court for further proceedings consistent with this decision.
Judgment reversed and case remanded.
BRYANT, P.J., and PETREE, J., concur.