[Cite as *Redfern v. S. Ohio Correctional Facility*, 2009-Ohio-7030.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JAMES REDFERN

    Plaintiff

    v.

SOUTHERN OHIO CORRECTIONAL FACILITY

    Defendant
    Case No. 2008-08671

Judge J. Craig Wright
Magistrate Matthew C. Rambo

MAGISTRATE DECISION

{¶ 1} Plaintiff brought this action alleging negligence. The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶ 2} At all times relevant, plaintiff was an inmate in the custody and control of defendant pursuant to R.C. 5120.16. Plaintiff alleges that on two separate occasions in June 2008, other inmates assaulted him while he crossed the "range," or walkway, between his cell and the shower. Plaintiff alleges that defendant was negligent both in failing to prevent the assaults and in failing to intervene when the assaults took place.

{¶ 3} In order for plaintiff to prevail upon his claim of negligence, he must prove by a preponderance of the evidence that defendant owed him a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77. Ohio law imposes upon the state a duty of reasonable care and protection of its prisoners; however, the state is not an insurer of inmate safety. *Williams v. Southern Ohio*

*Correctional Facility* (1990), 67 Ohio App.3d 517, 526.

{¶ 4}   Defendant is not liable for the intentional attack on one inmate by another unless it has adequate notice, either actual or constructive, of an impending attack. *Mitchell v. Ohio Dept. of Rehab. & Corr.* (1995), 107 Ohio App.3d 231, 235.   The distinction between actual and constructive notice is in the manner in which notice is obtained rather than in the amount of information obtained.  Whenever the trier of fact is entitled to find from competent evidence that information was personally communicated to or received by the party, the notice is actual.  Constructive notice is that notice which the law regards as sufficient to give notice and is regarded as a substitute for actual notice.  *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197.

{¶ 5}   The first incident occurred on the afternoon of June 11, 2008, while plaintiff was walking from his cell to the shower.   The routine procedure by which plaintiff visited the shower began when Corrections Officer (CO) Rodney Walker came to his cell, reached through the "cuff port" on the cell door, and cuffed plaintiff's hands behind his back.  Walker then exited the range, at which time CO Sean Wright, who was seated at a nearby "control panel," remotely opened the cell door.  Plaintiff exited his cell at this time and proceeded to walk down the range toward the shower, which required him to go past approximately five other cells.  Plaintiff testified that when he reached a cell belonging to inmate Bracey, he stopped and began to trade insults with Bracey such as calling one another "bitch" and "ho."  Walker and Wright both testified that they observed this altercation and ordered plaintiff several times to either proceed to the shower or return to his cell, but that plaintiff and Bracey continued to argue and spit upon one another.  Eventually, Bracey reached through the bars of his cell and struck plaintiff in the head, at which time plaintiff proceeded on to the shower.

{¶ 6}   As a result of the incident, Wright issued conduct reports to plaintiff and Bracey.  Plaintiff testified that the Rules Infraction Board (RIB) found him guilty of the infractions alleged therein.  (Defendant's Exhibit B.)

{¶ 7}  The second incident, which occurred on the evening of June 15, 2008, developed in much the same fashion.  Plaintiff testified that after taking a shower, he proceeded down the range to return to his cell, but then stopped in front of a cell belonging to inmate John Harris.  Plaintiff stated that he and Harris exchanged insults, that Harris reached through the cell bars and struck him, and that he then spat on Harris and went to his cell.  Plaintiff testified that a nurse examined him soon afterward, but found no visible injuries.

{¶ 8}  According to CO James Seaton, who observed this incident from the control panel, plaintiff deliberately stopped in front of Harris' cell and provoked the altercation.  Seaton stated that he gave plaintiff multiple orders to go to his cell, but that plaintiff did not comply until after Harris struck him.  Plaintiff acknowledged that Seaton issued him a conduct report as a result of the incident, and the RIB found him guilty of the infractions alleged therein.  (Defendant's Exhibit I.)

{¶ 9}  Plaintiff asserts that because he was classified at privilege level 4B, he should have been escorted to and from the shower by a CO pursuant to defendant's policy number OPS-07-02, which provides that "inmates housed under Privilege Level 4B status or segregation" shall be "escorted to and from the shower."  (Plaintiff's Exhibit 1.)  Plaintiff further contends that he requested assistance from COs during each incident, but that they refused to enter the range.

{¶ 10} Corrections Captain Harold Bell testified regarding the policies applicable to "J-Block," where plaintiff's cell was located.  Bell explained that while policy number OPS-07-02 applies to most inmates classified at privilege level 4B and to inmates housed in segregation units, the policy does not apply to inmates housed in more restrictive "local control" units such as J-Block.  Moreover, Bell stated that as a security measure, the post orders for J-Block do not permit COs to be on a range at the same time as an inmate unless a supervisor is present.

{¶ 11} COs Seaton, Walker, and Wright each testified that no supervisor was present when the incidents occurred and that they were therefore unable to enter the

range and intervene. Walker stated that he contacted a supervisor during the June 11 incident and Seaton stated that his partner contacted a supervisor during the June 15 incident; however, both men testified that the incidents ended before supervisors arrived to the scene.

{¶ 12} Upon review, the court finds that plaintiff failed to present any evidence that defendant had notice of an impending assault upon him by either Bracey or Harris. Moreover, the totality of the evidence, including a video recording of the June 15 incident (Defendant's Exhibit H), establishes that plaintiff deliberately stopped in front of Bracey's and Harris' cells, instigated the altercations with those inmates, and ignored repeated orders from COs to proceed to the shower or his cell.

{¶ 13} Furthermore, the testimony of Captain Bell and the COs who were involved in each incident demonstrates that the COs acted in accordance with the post orders and other policies applicable to J-Block. To the extent that plaintiff seeks to challenge such policies, the Supreme Court of Ohio has held that "[t]he language in R.C. 2743.02 that 'the state' shall 'have its liability determined * * * in accordance with the same rules of law applicable to suits between private parties * * *' means that the state cannot be sued for * * * the exercise of an executive or planning function involving the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion." *Reynolds v. State* (1984), 14 Ohio St.3d 68, 70. Prison administrators are afforded "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish* (1979), 441 U.S. 520, 547. The court finds that the policies at issue are characterized by a high degree of official judgment or discretion and that defendant is entitled to discretionary immunity for claims arising therefrom.

{¶ 14} Based upon the foregoing, the court finds that plaintiff has failed to prove his claim of negligence by a preponderance of the evidence. Accordingly, judgment is recommended in favor of defendant.

*A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law*

*under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____
MATTHEW C. RAMBO
Magistrate

cc:

Stephanie D. Pestello-Sharf        James Redfern, #476-478
Assistant Attorney General        Ohio State Penitentiary
150 East Gay Street, 18th Floor        878 Coitsville-Hubbard Road
Columbus, Ohio 43215-3130        Youngstown, Ohio 44505

RCV/cmd
Filed November 24, 2009
To S.C. reporter December 29, 2009