[Cite as *Panaro v. Ohio Dept. of Transp., Dist. 8*, 2009-Ohio-7192.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GEORGIA PANARO

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 8

    Defendant

    Case No. 2009-07059-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} On July 23, 2009, at approximately 5:00 p.m. (see complaint), plaintiff, Georgia Panaro, was traveling "north on I-75 a few hundred yards before exit 38" when her 2008 Volkswagen Passat struck a large pothole causing tire and rim damage to the vehicle. Plaintiff asserted that the damage to her car was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT), in maintaining Interstate 75 in Warren County. Plaintiff recalled she spoke with ODOT employee Russ Schubert and he informed her that the particular pothole had been discovered on July 22, 2009 and reported on that same day. Plaintiff filed this complaint seeking to recover $678.23, the total stated cost of replacement parts she purchased to have her car repaired. The filing fee was paid.

{¶ 2} Defendant explained that the roadway area where plaintiff's incident occurred was within the limits of a working construction project under the control of ODOT contractor, John R. Jurgensen Company (Jurgensen). Defendant related the particular construction project "dealt with grading, draining, paving with asphalt concrete on I-75, interchange construction of SR 122 and bridge replacements at several

locations in Warren County." According to defendant, the construction project limits "corresponds to state mileposts 32.10 to 40.50" on Interstate 75 and plaintiff's damage incident occurred at "around milepost 37.90 which is within the project limits." Defendant asserted this particular construction project was under the control of Jurgensen and consequently ODOT had no responsibility for any damage or mishap on the roadway within the construction project limits. Defendant argued that Jurgensen, by contractual agreement, was responsible for maintaining the roadway within the construction zone. Therefore, ODOT contended that Jurgensen is the proper party defendant in this action. Defendant implied that all duties such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. Furthermore, defendant contended that plaintiff failed to introduce sufficient evidence to prove her damage was proximately caused by roadway conditions created by ODOT or its contractors. All construction work was to be performed in accordance with ODOT requirements and specifications and subject to ODOT approval. Also evidence has been submitted to establish that ODOT personnel were present on site conducting inspection activities.

{¶ 3} Defendant had the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contentions that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

{¶ 4} Alternatively, defendant denied that neither ODOT nor Jurgensen had any

notice of roadway defects around milepost 37.90 on Interstate 75 prior to plaintiff's July 23, 2009 property damage occurrence. Defendant pointed out that ODOT records show no calls or complaints were received regarding any defects at or near milepost 37.90 prior to July 23, 2009. Defendant contended that plaintiff failed to offer any evidence to establish her property damage was attributable to any conduct on the part of either ODOT or Jurgensen.

{¶ 5} Defendant submitted a written statement from Jurgensen Project Manager, Jason M. Mudd, in reference to work performed on Interstate 75 during the time frame of plaintiff's incident. Mudd noted he was given a handwritten statement (copy submitted) from an ODOT inspector regarding a pothole at milepost 38.0 on Interstate 75 North. This notification from ODOT was received on July 22, 2009, the day before plaintiff's damage occurrence. Mudd pointed out he in turn notified Jurgensen foreman, Ken Bolser, concerning the pothole at milepost 38.0. A Jurgensen Time sheet (copy submitted) for July 23, 2009 compiled by Ken Bolser indicates work activity for that date included patching potholes. According to the information on the time sheet, work by Jurgensen personnel began at 7:00 a.m. on July 23, 2009 and closed at approximately 6:00 p.m. There is no designation regarding what approximate time potholes were filled on July 23, 2009.

{¶ 6} Plaintiff filed a response expressing her disagreement with defendant's assertion that neither ODOT nor Jurgensen had notice of the pothole prior to her incident. Plaintiff again related she spoke to ODOT employee, Russell Schubert, about the pothole and was informed by him that ODOT was aware of the pothole. Plaintiff submitted a copy of an ODOT generated e-mail dated July 22, 2009 at 10:37 a.m. which establishes ODOT had actual notice of a pothole near milepost 38.0 on Interstate 75 North. In her response, plaintiff recalled her car struck this pothole at approximately 3:00 p.m. on July 23, 2009. Plaintiff maintained she listed the time of her damage occurrence on her complaint as July 23, 2009 at 3:00 p.m. A review of her complaint lists in handwriting the date and time of the incident at 5:00 p.m. on July 23, 2009. The complaint also contains a witness statement from a passenger in plaintiff's car, Tommy Helms, who witnessed the property damage event. Helms noted the damage incident occurred on "the afternoon of 7-23-09." Helms did not provide a more precise time of the occurrence in his statement.

{¶ 7}   In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112.   In fact, the duty to render the highway free from an unreasonable risk of harm is the precise duty owed by ODOT to the traveling public under both normal traffic and during highway construction projects.  See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462.

{¶ 8}   Ordinarily to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident.  *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct.  *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶ 9}   Generally, in order to recover in any suit involving injury proximately caused by roadway conditions including potholes, plaintiff must prove that either:  1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently.  *Denis v. Department of Transportation* (1976), 75-0287-AD.   Plaintiff has produced evidence to prove actual notice of the particular damage-causing pothole was received more than twenty-eight hours prior to the incident forming the basis of this claim.  Actual notice exists where from competent evidence, the trier of fact can conclude, the pertinent information was personally communicated to, or received  by, the party.  *In re Fahle's Estate* (1950), 90 Ohio App. 195, 197, 47 O.O. 231, 105 N.E. 2d 429.  As applicable here, actual notice means express or direct information.  *Fahle* at 198.  Such evidence exists in the instant claim. Consequently, under the rationale of *Denis*, in regard to actual notice, defendant is liable to plaintiff for the damages incurred, plus the $25.00 filing fee, which may be reimbursed as compensable costs pursuant to R.C. 2335.19.   See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GEORGIA PANARO

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 8

    Defendant

    Case No. 2009-07059-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $703.23, which includes the filing fee. Court costs are assessed against defendant.

                    DANIEL R. BORCHERT
                    Deputy Clerk

Entry cc:

Georgia Panaro                          Jolene M. Molitoris, Director
20582 Edelweiss                         Department of Transportation
Lawrenceburg, Indiana  47025            1980 West Broad Street
                                        Columbus, Ohio  43223

RDK/laa
12/1
Filed 12/23/09
Sent to S.C. reporter 4/16/10