[Cite as *Ozias v. Ohio Dept. of Transp.*, 2010-Ohio-6542.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JAMIE R. OZIAS

      Plaintiff

      v.

OHIO DEPT. OF TRANSPORTATION

      Defendant

Case No. 2009-09094-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Jamie R. Ozias, filed this action against defendant, Department of Transportation (ODOT), contending that his 2009 Chevrolet Corvette was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 75 North in Hamilton County. Plaintiff related he was traveling north on Interstate 75 "between milemarker 10.5 and milemarker 12.5" when his car struck a large "pothole in the highspeed lane" causing tire and wheel damage to the vehicle. Plaintiff recalled his damage incident occurred on September 6, 2009 at approximately 2:30 p.m. Plaintiff noted the general area where his damage event occurred is "known as the Lockland split (and) has been under construction for most of the summer" of 2009. In his complaint, plaintiff requested damages in the amount of $500.00, his insurance coverage deductible for automotive repairs. The filing fee was paid.

{¶ 2} Defendant denied any liability in this matter based on the contention that no ODOT personnel had any knowledge of the particular pothole on Interstate 75 North prior to plaintiff's September 6, 2009 property damage occurrence. Defendant

acknowledged the area where plaintiff's incident occurred was near a working construction project on Interstate 75, but was not within the project limits. Defendant denied receiving any prior calls or complaints regarding a pothole between mileposts 10.5 and 12.5 on Interstate 75 despite the fact "[t]his section of roadway has an average daily traffic count between 145,600 to 166,810 vehicles."

{¶ 3} Defendant asserted plaintiff failed to offer evidence to establish his property damage was attributable to any conduct on the part of ODOT. Defendant further asserted plaintiff failed to produce evidence to prove the roadway was negligently maintained. Defendant related that the ODOT "Hamilton County Manager conduct(s) roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no potholes were discovered between mileposts 10.5 and 12.5 on Interstate 75 the last time that section of roadway was inspected prior to September 6, 2009. The claim file is devoid of any inspection record. Defendant advised, "(a) review of the six-month maintenance history (record submitted) for the area in question reveals that one (1) pothole repair was done (May 15, 2009) and ninety-two (92) other maintenance operations were performed between state mileposts 10.5 to 12.5." The last time ODOT personnel were in the area performing maintenance operations prior to September 6, 2009 was on September 2, 2009. Defendant stated "if ODOT personnel had found any potholes they would have been repaired."

{¶ 4} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio

St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 6} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise conditions or defects alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the pothole. Therefore, for the court to find liability on a notice theory, evidence of constructive notice of the pothole must be presented.

{¶ 7} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD.

{¶ 8} The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. No evidence was presented to establish the length of

time that the particular pothole was present. Size of the defect (pothole) is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. Plaintiff has failed to prove that defendant had constructive notice of the pothole. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage that plaintiff may have suffered from the roadway defect.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JAMIE R. OZIAS

  Plaintiff

  v.

OHIO DEPT. OF TRANSPORTATION

  Defendant

   Case No. 2009-09094-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor

of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Jamie R. Ozias                             Jolene M. Molitoris, Director
7043 Ivory Lane                            Department of Transportation
Middletown, Ohio  45044                    1980 West Broad Street
                                           Columbus, Ohio  43223

RDK/laa
8/12
Filed 9/20/10
Sent to S.C. reporter 12/29/10