[Cite as *Watson v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-3879.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us


BERNARD WATSON

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant

   Case No. 2009-08080

Judge Joseph T. Clark
Magistrate Matthew C. Rambo

<u>MAGISTRATE DECISION</u>


{¶ 1} Plaintiff brought this action alleging negligence. The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶ 2} At all times relevant, plaintiff was an inmate in the custody and control of defendant at the Allen Correctional Institution (ACI) pursuant to R.C. 5120.16. Plaintiff alleges that on December 18, 2008, at approximately 2:30 p.m., inmate Tam Ally assaulted him. The testimony and evidence adduced at trial shows that Ally acted erratically prior to attacking plaintiff and that corrections officers (COs) were aware of his behavior. Plaintiff alleges such knowledge constituted notice of an impending assault and that defendant failed to act on such notice and prevent the assault.

{¶ 3} In order for plaintiff to prevail upon his claim of negligence, he must prove by a preponderance of the evidence that defendant owed him a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-

2573, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77. Ohio law imposes upon the state a duty of reasonable care and protection of its prisoners; however, the state is not an insurer of inmate safety. *Williams v. Southern Ohio Correctional Facility* (1990), 67 Ohio App.3d 517, 526.

{¶ 4} Defendant is not liable for the intentional attack on one inmate by another unless it has adequate notice, either actual or constructive, of an impending assault. *Mitchell v. Ohio Dept. of Rehab. & Corr.* (1995), 107 Ohio App.3d 231, 235; *Metcalf v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 01AP-292, 2002-Ohio-5082. The distinction between actual and constructive notice is in the manner in which notice is obtained rather than in the amount of information obtained. Whenever the trier of fact is entitled to find from competent evidence that information was personally communicated to or received by the party, the notice is actual. Constructive notice is that notice which the law regards as sufficient to give notice and is regarded as a substitute for actual notice. *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197.

{¶ 5} Former inmate Eric Charles Murray was incarcerated at ACI in the 4B housing unit at the time of the incident and shared a cell with Ally on the second floor of the unit. The transcript of Murray's deposition was introduced in lieu of his live testimony. (Plaintiff's Exhibit 12.) That testimony, coupled with that of CO Jon Alexander establishes the events of December 17 and 18, 2008, as set out below.

{¶ 6} The night before the incident, Ally did not sleep. He instead spent the night pacing the floor in the cell between the door and window, and "shadow boxing" the mirror and his coat. Murray stated that Ally would not speak to him and that he acted as if he were waiting for something or someone.

{¶ 7} The next morning at 5:30 a.m. when the door to the cell was opened so that Murray could go to work in the ACI kitchen, Ally sprinted out of the cell, down the stairs, and outside the unit. Murray went to work and returned some time between 8:00 a.m. and 8:30 a.m. to find Ally repeating his actions of the night before; that is, shadow

boxing and pacing about the cell. Murray reported Ally's behavior to Alexander who went to the cell, observed Ally's behavior, found it "strange," and called the shift captain and the "psych" department.

{¶ 8} At approximately 11:00 a.m., during "count" time, Ally used his and Murray's locker box and other items to barricade the cell door and stood in the middle of the cell in a "defensive" position. After count was over, Alexander ordered Ally to report to the shift captain's office. Ally returned from the captain's office a short time later and removed the barricade. However, Ally's behavior remained erratic. At approximately 1:30 p.m., Alexander was directed by mental health treatment staff to send Ally to them; however, Ally refused to communicate with Alexander and remained standing atop a locker box in his cell in a defensive posture. Shortly thereafter, a second CO ordered Ally to report to the mental health department. Ally seemed to comply with the order and left the building for a short time, but he did not report to the mental health department. At approximately 2:15 p.m., Ally returned to the unit, at which time he approached a cell where a group of inmates, including plaintiff, were conversing. Ally grabbed the door of the cell and swung it shut, striking plaintiff. Plaintiff wrestled Ally to the ground and restrained him until COs and other staff responded to the scene.

{¶ 9} John Alberts was the shift captain on duty at the time of the incident. Alberts stated that prior to attacking plaintiff, Ally was sent to his office by a CO for "acting peculiar." Alberts testified that he does not specifically remember talking to Ally, but that the normal procedure in such instances is to ask the inmate if he intended to do harm to himself, other inmates, or to staff. If the answer is "no," then the inmate is referred to the "psych" department for assessment, when possible, and sent back to his housing unit. Alberts stated that he did not remember any particular problems with Ally.

{¶ 10} James LaPoint is the current Clinical Director of Mental Health Administration for ACI. LaPoint testified that he is the custodian of Ally's mental health records and that he reviewed those records in preparing for trial. (Plaintiff's Exhibit 6.) According to LaPoint, Ally was evaluated by mental health professionals on December

18, 2008 but, prior to that, his last referral to the mental health department had been in 1993, although there was a note in his records from a 2005 parole hearing.  LaPoint opined that, based upon his position as the Clinical Director of Mental Health Administration for ACI, the behavior exhibited by Ally prior to the incident with plaintiff did not require "immediate intervention" by mental health staff, and that Ally's actions were not necessarily uncommon for inmates at ACI.

{¶ 11}     Plaintiff, Murray, Alexander, CO David Burkholder, and inmates Darryl Gray, Mario Odom, and Ralph Bright all testified that prior to the events of December 17, and 18, 2008, they were not aware of any unusual or violent behavior by Ally.

{¶ 12}     Recently, in a similar case, the Tenth District Court of Appeals stated that defendant's knowledge that an inmate "was not taking his medication, mumbled to himself, and was acting erratically, does not translate into actual or constructive notice that [he] posed a risk of violence or that his attack on [a fellow inmate] was forthcoming." *Hughes v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 09AP-1053, 2010-Ohio-4736, ¶15.  The court further noted that there was no evidence that defendant was aware of any threats of violence by the assailant against any other inmate, including the victim.  Id.

{¶ 13}     Based upon the above testimony, the court finds that defendant did not have either actual or constructive notice of an impending attack by Ally on plaintiff.  The testimony demonstrates that while Ally's behavior may have been erratic before the attack, he was not violent or dangerous and did not demonstrate a threat to himself or fellow inmates.  Accordingly, judgment is recommended in favor of defendant.

{¶ 14}     *A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i).  If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed.  A party shall not assign as error on appeal the court's adoption of*

*any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____
MATTHEW C. RAMBO
Magistrate

cc:

Eric A. Walker
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Richard F. Swope
6480 East Main Street, Suite 102
Reynoldsburg, Ohio 43068

MR/cmd
Filed November 10, 2010
To S.C. reporter December 1, 2010