[Cite as *Alexander v. Ohio Dept. of Transp., Dist. 6*, 2011-Ohio-7069.]



Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KEITH B. ALEXANDER

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 6

    Defendant

Case No. 2011-10215-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

## FINDINGS OF FACT

{¶1} In his complaint, plaintiff, Keith Alexander, relates that on August 7, 2011, at approximately 9:30 a.m. he was traveling south on Interstate 71 when "my motorcycle struck a pot hole so significant that it dislodged the left rear-view mirror assembly causing that assembly to fall to the pavement in ruin."

{¶2} Plaintiff filed this complaint seeking to recover $366.49, the replacement cost for the mirror. Plaintiff asserted he incurred these damages as a proximate result of negligence on the part of defendant, Department of Transportation (DOT), in maintaining the roadway. The $25.00 filing fee was paid.

{¶3} Defendant denies liability in this matter based on the contention that no DOT personnel had any knowledge of the pothole prior to plaintiff's property-damage event. Defendant states the pothole was located near milepost 92.5 on I-71 in Franklin County. Defendant notes that DOT records show six complaints for the months of July and August; however, "none of them are near the area of plaintiff's incident." Defendant denies receiving any other reports of the damage-causing pothole prior to the time

which plaintiff encountered it.

{¶4} Furthermore, defendant asserts plaintiff has not produced evidence to show DOT negligently maintained the roadway. Defendant explains that the DOT Franklin County Manager "inspects all state roadways within the county at least two times a month." Apparently no potholes were discovered at milepost 92.5 on I-71 the last time this roadway was inspected prior to August 7, 2011. Defendant stated that "[a] review of the six-month maintenance history [record submitted] also reveals that general maintenance and inspection is conducted to ensure a properly maintained roadway."

{¶5} Plaintiff filed a response essentially reiterating the allegations of his complaint and asserting defendant should bear liability for the defective roadway. In addition, plaintiff references a prior case he filed in which defendant executed a settlement agreement and plaintiff received compensation. Finally, plaintiff suggested he should prevail in this claim, by default, because defendant failed to timely file its investigation report.[1]

## CONCLUSIONS OF LAW

{¶6} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶7} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. To prove a breach of duty by defendant to maintain the highways plaintiff must establish, by a preponderance of the evidence, that DOT had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT*

---

[1] The court notes that Civ.R. 55(D) in pertinent part states, "No judgment by default shall be entered against this state . . . or agency . . . unless the claimant establishes his claim . . . by evidence satisfactory to the court." A default judgment against the state may not be granted solely on procedural errors made by the defendant. Upon review, plaintiff's request for default judgment is DENIED.

(1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence defendant had actual notice of the pothole. Therefore, in order to recover plaintiff must offer proof of defendant's constructive notice of the condition or evidence to establish negligent maintenance.

{¶8} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 47 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶9} The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the pothole appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. No evidence has shown that ODOT had constructive notice of the pothole.

{¶10} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective conditions. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-

AD.  Therefore, defendant is not liable for any damage plaintiff may have suffered from the pothole.

{¶11}  In the instant claim, plaintiff has failed to introduce sufficient evidence to prove that defendant maintained known hazardous roadway conditions.  Plaintiff failed to prove that his property damage was connected to any conduct under the control of defendant, or that defendant was negligent in maintaining the roadway area, or that there was any actionable negligence on the part of defendant.  *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD. Consequently, plaintiff's claim is denied.



# Court of Claims of Ohio

KEITH B. ALEXANDER

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 6

    Defendant

    Case No. 2011-10215-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Keith B. Alexander
720 S. 2nd Street
Heath, Ohio 43056

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

SJM/laa
11/3
Filed 11/8/11
Sent to S.C. reporter 4/5/12