[Cite as *Spears v. Ohio Dept. of Transp.*, 2011-Ohio-6862.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

**SPEARS,**

    **Plaintiff,**

    **v.**

**OHIO DEPARTMENT OF TRANSPORTATION,**

    **Defendant.**

**Case No. 2010-10441**

**Judge Clark B. Weaver Sr.**

## ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

{¶1} On July 21, 2011, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). Plaintiff did not file a response. The motion is now before the court for a non-oral hearing pursuant to L.C.C.R. 4.

{¶2} Civ.R. 56(C) states, in part, as follows:

{¶3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶4} According to the complaint, plaintiff's automobile sustained damage as a result of colliding with a fallen tree branch on State Route 12 near Bettsville, Ohio, in the

early morning of July 25, 2010.  Plaintiff claims that defendant was negligent in failing either to remove the branch from the highway or to warn him of the hazardous condition.

{¶5} In order to prevail upon his claim of negligence, plaintiff must prove by a preponderance of the evidence that defendant owed him a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused injury to his property.  *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77.

{¶6} It is well-settled that defendant is subject to a general duty to exercise ordinary, reasonable care in maintaining state highways.  *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St.3d 39, 42.  However, defendant is not liable for damages caused by hazardous conditions on state highways unless it has actual or constructive notice of the condition.  *McClellan v. Ohio Dept. of Transp.* (1986), 34 Ohio App.3d 247, 249. The distinction between actual and constructive notice is in the manner in which notice is obtained rather than in the amount of information obtained.  Whenever the trier of fact is entitled to find from competent evidence that information was personally communicated to or received by the party, the notice is actual.  Constructive notice is that notice which the law regards as sufficient to give notice and is regarded as a substitute for actual notice.  *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198.

{¶7} In support of its motion, defendant submitted the affidavit of Harry Bare, III, who is employed as defendant's District 2 Court of Claims Coordinator.  Bare avers that "[o]n the date of [plaintiff's] accident, there was a severe windstorm in the area which is believed to be the cause of the fallen tree branch."  According to Bare, defendant had no notice of the fallen tree branch until after plaintiff's accident, when it was contacted by an Ohio State Highway Patrol trooper responding to the accident.

{¶8} As stated above, plaintiff did not file a response to defendant's motion, nor did he provide the court with any affidavit or other permissible evidence to support his allegations.

{¶9} Civ.R. 56(E) states, in part, as follows:

{¶10} "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

{¶11} Based upon the uncontested affidavit testimony of Bare, the only reasonable conclusion to be drawn is that defendant did not have actual or constructive notice of the fallen tree branch laying on State Route 12.  Inasmuch as defendant cannot be held liable for a hazardous condition unless it has notice thereof, the court concludes that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law.  Accordingly, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
CLARK B. WEAVER SR.
Judge

cc:

Case No. 2010-10441                    - 4 -                              ENTRY

Jennifer A. Adair                        Michael C. Spears
John P. Reichley                         919 Quail Drive, Apt. 5
Assistant Attorneys General              Fremont, Ohio 43420
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Filed November 15, 2011
To S.C. reporter December 30, 2011